```
 1  DAVID J. RAPPORT
    LESTER J. MARSTON
 2  California Indian Legal Services
    200 West Henry Street
 3  Post Office Box 488
    Ukiah, California  95482
 4  Telephone:  (707) 462-3825

 5  Attorneys for Plaintiffs

 6  JOSEPH P. RUSSONIELLO
    United States Attorney
 7  RODNEY H. HAMBLIN
    Assistant United States Attorney
 8  PAUL E. LOCKE
    Assistant United States Attorney
 9  450 Golden Gate Avenue, Box 36055
    San Francisco, California  94102
10  Telephone:  (415) 556-5134

11  Attorneys for Federal Defendants
```

FILED AUG -2 1983 WILLIAM L. WHITTAKER CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

RECEIVED JUL 21 1983 WILLIAM L. WHITTAKER CLERK, U. S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

SCANNED

91

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TILLIE HARDWICK, et al., | No. C-79-1710-SW |
| Plaintiffs | STIPULATION FOR ENTRY OF JUDGMENT |
| v. | |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

The parties to the above-entitled action, recognizing the uncertainties in law and the burden of further litigation, and in order to make mutually beneficial settlement of these actions, subject to approval of the Court pursuant to Federal Rules of Civil Procedure, Rule 23(c), stipulate that the Court may enter judgment as follows:

/ / / / / / / /

Copies mailed to parties of Record

1. That the seventeen Rancherias which are the subject of the provisions of paragraphs 2 through 13 inclusive, of this stipulation, are as follows:

> Big Valley
>
> Blue Lake
>
> Buena Vista
>
> Chicken Ranch
>
> Cloverdale
>
> Elk Valley
>
> Greenville
>
> Mooretown
>
> North Fork
>
> Picayune
>
> Pinoleville
>
> Potter Valley
>
> Quartz Valley
>
> Redding
>
> Redwood Valley
>
> Rohnerville
>
> Smith River

These rancherias are more fully described in the attached Exhibit "A", which is incorporated herein by reference as though set forth in full.

2. The Court shall certify a class consisting of all those persons who received any of the assets of the rancherias listed and described in paragraph 1 pursuant to the California

/ / / / / / /

Rancheria Act 1/ and any Indian heirs, legatees or successors in interest of such persons with respect to any real property they received as a result of the implementation of the California Rancheria Act.

3. The status of the named individual plaintiffs and other class members of the seventeen rancherias named and described in paragraph 1 as Indians under the laws of the United States shall be restored and confirmed. In restoring and confirming their status as Indians, said class members shall be relieved from the application of Sections 2(d) and 10(b) of the California Rancheria Act and shall be deemed entitled to any of the benefits or services provided or performed by the United States for Indians because of their status as Indians, if otherwise qualified under applicable laws and regulations.

4. The Secretary of the Interior shall recognize the Indian Tribes, Bands, Communities or groups of the seventeen rancherias listed in paragraph 1 as Indian entities with the same status as they possessed prior to distribution of the assets of these Rancherias under the California Rancheria Act, and said Tribes, Bands, Communities and groups shall be included on the Bureau of Indian Affairs' Federal Register list of recognized tribal entities pursuant to 25 CFR, Section 83.6(b). Said Tribes, Bands, Communities or groups of Indians shall be relieved from the application of section 11 of the California Rancheria Act and shall be deemed entitled to any of the benefits or services provided or performed by the United States for Indian Tribes,

---

1/ Act of August 18, 1958, P.L. 85-671, 72 Stat. 69, as amended by the Act of August 11, 1964, 78 Stat. 390.

Bands, Communities or groups because of their status as Indian Tribes, Bands, Communities or groups.

5. The Court shall not include in any judgment entered pursuant to this stipulation any determination of whether or to what extent the boundaries of the rancherias listed and described in paragraph 1 shall be restored and shall retain jurisdiction to resolve this issue in further proceedings herein.

6. Any named individual plaintiff or class member who received or presently owns fee title to an interest in any former trust allotment by reason of the distribution of the assets of any of the Rancherias listed in paragraph 1 shall be entitled to elect to restore any such interest to trust status, to be held by the United States for the benefit of such Indian person(s).

7. Within two years of date of notice of this judgment, as provided in paragraph 9, the Indian Tribes, Bands, Communities or groups of the seventeen rancherias listed in paragraph 1 that are recognized by the Secretary of the Interior pursuant to paragraph 4 herein may arrange to convey to the United States all community-owned lands within their respective rancherias to which the United States issued fee title in connection with or as the result of the distribution of the assets of said rancherias, to be held in trust by the United States for the benefit of said Tribes, Bands, Communities or groups, authority for the acceptance of said conveyances being vested in the Secretary of Interior under section 5 of the Act of June 18, 1934, "The Indian Reorganization Act," 48 Stat. 985, 25 U.S.C. §465 as amended by section 203 of the

/ / / / / / /

-4-

1 | Indian Land Consolidation Act. Pub. L. 97-459, Title II, 96 Stat.
2 | 2515 and/or the equitable powers of this court.

   8. Any named plaintiff or other class member herein may elect to convey to the United States any land for which the United States issued fee title in connection with or as the result of the distribution of assets of said rancherias to be held in trust for his/her individual benefit or the benefit of any other member or members of the rancheria, authority for the acceptance of said conveyances being vested in the Secretary of the Interior under section 5 of the Act of June 18, 1934, "The Indian Reorganization Act," 48 Stat. 985, 25 U.S.C. §465 as amended by section 203 of the Indian Land Consolidation Act, Pub. L. 97-459, Title II, 96 Stat. 1512 and/or the equitable powers of this court.

   9. Upon entry of judgment herein the United States shall give personal mail notice to each individual plaintiff and other class members (to the extent such persons can be identified and located through the exercise of reasonable efforts) that said individuals may elect to return their lands to trust pursuant to the judgment entered pursuant to this stipulation. Said notice shall advise that the Bureau of Indian Affairs will assist those individuals desiring to convey lands to the United States, including providing for forms and instructions. In addition, the United States shall aid and assist class members in perfecting said conveyances by obtaining any necessary policies of title insurance or taking any other actions administratively required to complete such conveyances. Nothing in this Stipulation shall require the United States to provide funds for the payment of real property taxes which may have

//

accrued in the past or may accrue in the future with respect to lands located on any Rancheria as described in Exhibit A; provided, however, that this Stipulation does not represent a concession by any party hereto that any of said property is subject to real property taxes.

The United States shall also give general notice of the rights provided by this paragraph 9 by publishing notice once each week for one month in newspapers of general circulation most likely to be read by class members, and by posting notice in a conspicuous location on or near each of the seventeen rancherias named in paragraph 1.

10. The Secretary of the Interior, named individual plaintiffs, and other class members agree that the distribution plans for these Rancherias shall be of no further force and effect and shall not be further implemented; however, this provision shall not affect any vested rights created thereunder.

11. All claims whatsoever for money damages against the United States resulting from the distribution of the assets of the seventeen rancherias named in paragraph 1 under the Rancheria Act and arising out of the implementation of said Act shall be dismissed with prejudice, plaintiffs having specifically considered the potential value of said claims, the probability of the success thereof, and the value of the relief to be obtained under this settlement agreement.

12. For the purpose of resolving any disputes which arise among the parties in the course of implementing the judgment to be entered pursuant to this stipulation, or for extending the time

//

within which any act may or must be performed under this Stipulation, the Court shall retain jurisdiction over this matter for a period of two (2) years from entry of judgment, or for such longer time as may be shown to be necessary on a duly-noticed motion by any party.

13. Entry of judgment pursuant to this stipulation shall constitute a final settlement of all claims which named plaintiffs and plaintiff class members have or may have against the United States and its officers and employees arising out of the implementation of the California Rancheria Act at the seventeen Rancherias listed in paragraph 1.

14. Except as hereafter specifically provided in paragraphs 15-19, the claims asserted in this action by or on behalf of any persons who received any of the assets of the Graton, Scotts Valley, Guideville, Strawberry Valley, Cache Creek, Paskenta, Ruffeys, Mark West, Wilton, El Dorado, Chico or Mission Creek Rancherias are dismissed without prejudice to their being refiled in another action and defendants shall not assert any laches defense to any such subsequent action they could not have asserted prior to the date this action was filed.

15. The claims of Ethel Whiterock, Minerva Pike, Jesse Elliott, Nora Cooper and Irene Young who received assets from the termination of the Guideville Rancheria under the California Rancheria Act shall be dismissed on grounds of res judicata based on the stipulation and judgment entered in <u>Whiterock et al. v. Udall</u>, Fed. Dist. Ct. N.D. Cal. No. 50584 SAW.

16. The claims of all the named and unnamed class members represented in <u>Taylor et al. v. Hickel</u>, C-70-719 SAW (N.D. Cal.)

//

-7-

Form OBD-183
12-8-76 DOJ

from the Auburn Rancheria shall be dismissed on grounds of res judicata.

17. The claims asserted in this action against the United States on behalf of Frank Truvido and Gloria Truvido of Graton Rancheria who were parties to <u>Frank Truvido and Gloria Truvido v. Morton</u>, C-72-181 GBH (N.D. Cal.), shall be dismissed on grounds of res judicata.

18. The claims asserted in this action on behalf of Teresa Boggs of the Scotts Valley Rancheria who was a party to <u>Teresa Boggs and Bessie Ray v. Rogers C.B. Morton</u>, C-71-1714 RFP (N.D. Cal.), shall be dismissed on the grounds of res judicata.

19. The claims asserted in this action by any person who received any of the assets of the Robinson or Table Bluff Rancherias pursuant to the California Rancheria Act shall be dismissed from this action since prior to filing of this action those persons had filed independent actions in <u>Duncan et al., v. Andrus</u>, Fed. Dist. Ct., N.D. Cal. No's C-71-1572 WWS, C-71-1713 WWS and <u>Duncan et al., v. U.S.</u>, (Ct. Cls.) No 19-75 and <u>Table Bluff Band et al., v. Andrus</u>, No. C-75-2525 WWS, which actions are still pending.

Dated: July 19, 1983

ENTERED IN CIVIL DOCKET 3 AUG 1983, 19____

CALIFORNIA INDIAN LEGAL SERVICES

By: _____
DAVID J. RAPPORT
Attorneys for Plaintiffs

Dated: July 15, 1983

JOSEPH P. RUSSONIELLO
United States Attorney

IT IS SO ORDERED

_____
U.S. DISTRICT JUDGE

By: _____
PAUL E. LOCKE
Assistant United States Attorney
Attorneys for Federal Defendants

-8-

EXHIBIT A

## RANCHERIA DESCRIPTIONS

### BIG VALLEY

The Big Valley Rancheria, 118.45 acres, is located on the south shore of Clear Lake near Finley in Lake County, California.

Tract 1: SE1/4NW1/4, NE1/4SW1/4 and Lot 3 (being the fractional NE1/4NW1/4), Section 32, T. 14 N., R. 9 W., Mount Diablo Meridian, California.

Tract 2: That portion of the SE1/4SW1/4 Section 29 and NE1/4NW1/4 Section 32, T. 14 N., R. 9 W., Mount Diablo Meridian, which is north of the United States Meander Line for Clear Lake and which is above the low water line of Clear Lake, subject to a flowage easement.

### BLUE LAKE

The Blue Lake Rancheria, 30.92 acres, is located adjacent to the city of Blue Lake, Humboldt County, California.

A tract of land situate in a portion of the SE1/4SW1/4 Section 19 and in a portion of the NE1/4NW1/4 Section 30, T. 6 N., R. 2 E., Humboldt Meridian and more particularly described in a Warranty Deed recorded in Volume 107 of Deeds, page 224 in the records of Humboldt County, California.

### BUENA VISTA

The Buena Vista Rancheria, 67.5 acres, is located in Amador County, California.

Commencing at the NE corner of Section 19, T. 5 N., R. 10 E., Mount Diablo Meridian, California, thence running west along section line 578 feet, thence at right angles south 5280 feet, thence at right angles east 578 feet, thence at right angles north 5280 feet to place of beginning.

### CHICKEN RANCH

The Chicken Ranch Rancheria, 40 acres, is located in Tuolumne County, California.

E1/2E1/2NE1/4 Section 20, T. 1 N., R. 14 E., Mount Diablo Meridian, California.

-1-

EXHIBIT A

## CLOVERDALE

The Cloverdale Rancheria, 27.50 acres, is located adjacent to and south of the town of Cloverdale, Sonoma County, California.

All these certain lots, pieces or parcels of land, situate, lying and being in the Township of Cloverdale, County of Sonoma, State of California, and bounded and particularly described as follows, to wit: Beginning at a point in the center of the main public road leading from Cloverdale to Healdsburg and at the northwesterly corner of the land formerly owned by Louis Bee, which is an iron pipe two (2) inches in diameter, two (2) feet long, driven below the surface of the ground, from which a fir tree five (5) feet in diameter marked "R.M.", and known as station 8 on the Muscalacon Grant Line bears south 47 W., 39.38 chains distant; thence N. 47 40' E., along the northerly line of the land formerly owned by Louis Bee, 49.25 chains; thence north 59 15' W., 6.07 1/2 chains to the southerly line of the land of Helena M. Woolsey, thence S. 47 28' W., along the southerly line of the land of Helena M. Woolsey, 46.68 chains to the center line of the hereinbefore mentioned public road; thence S. 34 15' E., along the center line of said road 5.71 chains to the place of beginning, containing 27.50 acres. (Note - above area included Northwestern Pacific Railroad right of way.)

## ELK VALLEY

The Elk Valley Rancheria, 100 acres, is located near the town of Crescent City, Del Norte County, California.

SE1/4SE1/4, S1/2S1/2NE1/4SE1/4 Section 22; SW1/4SW1/4, S1/2S1/2NW1/4SW1/4 Section 23, T. 16 N., R. 1 W., Humboldt Meridian, California.

## GREENVILLE

The Greenville Rancheria, 275 acres, is located approximately three miles east of Greenville, Plumas County, California.

Parcel 1: N1/2 Lot 4, Section 5; N1/2 Lot 1, Section 6, T. 26 N., R. 10 E., Mount Diablo Meridian, California.

Parcel 1A: SE1/4 Section 31, T. 17 N., R. 10 E., Mount Diablo Meridian, California.

Parcel 2: Beginning at the S.E. corner of Plumas County Swamp and Overflowed Land Survey No. 37, N. 31 1/4 E., 3.72 chains from the 1/4 Section corner on the South line of Section 6, T. 26 N., R. 10 E., M.D.M., and running thence N.

EXHIBIT A

72 1/2 W., 15.80 chains; thence N. 4 E., 42.00 chains, thence E. 2.06 chains, thence N. 14.03 chains; thence E. 7.97 chains to the North and South centerline of said Section 6; thence S. 23.85 chains to the center of said Section 6; thence E. 5.00 chains; thence S. 4 1/2 W., 36.88 chains to the place of beginning, containing 75 acres.

## MOORETOWN

The Mooretown Rancheria, 160 acres, is comprised of two parcels, one-half mile apart. It is located in Butte County, California.

Parcel 1: N1/2NE1/4 Section 22 T. 20 N., R. 6 E., Mount Diablo Meridian, California.

Parcel 2: N/1/2NE1/4 Section 23, T. 20 N., R. 6 E., Mount Diablo Meridian, California.

## NORTH FORK

The North Fork Rancheria, 80 acres, is located about two miles from the town of North Fork, Madera County, California.

SE1/4NE1/4 Section 20, and SW1/4NW1/4 Section 21, T. 8 S., R. 23 E., Mount Diablo Meridian.

## PICAYUNE

The Picayune Rancheria, 80 acres, is located three miles south of Coarsegold in Madera County, California.

N1/2NE1/4 Section 29, T. 8 S., R. 21 E., Mount Diablo, Meridian.

## PINOLEVILLE

The Pinoleville Rancheria, 99.53 acres, is located in Mendocino County, California.

Tract 1: A portion of Lot 142 of Healey's Survey and Map of the Yokayo Rancho containing 3 acres and more particularly described in deed filed in Book 123 of Deeds, page 148, Recorder's Office, County of Mendocino.

Tract 2: A portion of Lots 141 and 142 of the Yokayo Rancho containing 96.53 acres and more particularly described in deed filed in Book 133 of Deeds, page 283, Recorder's Office, County of Mendocino.

EXHIBIT A

## POTTER VALLEY

The Potter Valley Rancheria, 96 acres, is located near the town of Potter Valley, Mendocino County, California.

Tract 1: A metes and bounds description in Section 19, T. 17 N., R. 11 W., Mount Diablo Meridian and more particularly described in Deed recorded in Book 116 of Deeds, Page 197, Mendocino County, containing 16 acres.

Tract 2: NW1/4SE1/4, SE1/4NW1/4 Section 35, T. 18 N., R. 12 W., Mount Diablo Meridian, containing 80 acres.

## QUARTZ VALLEY

The Quartz Valley Indian Reservation, 604 acres, is located in Siskiyou County, California.

Tract 1: NW1/4, W1/2SW1/4 Section 2, T. 43 N., R. 10 W., E1/2SE1/4 Section 3 and a fractional portion of the NE1/4NE1/4 Section 3, T. 43 N., R. 10 W., Mount Diablo Meridian, containing 364 acres.

Tract 2: E1/2SE1/4 Section 34 and SW1/4 Section 35, T. 44 N., R. 10 W., Mount Diablo Meridian, containing 240 acres.

## REDDING

The Redding Rancheria, 30.89 acres, is located south of Redding in Shasta County, California.

Tract No. 8 of the Anderson Valley Farms, situate, lying and being on the Rancho Buena Ventura or Reading Grant, in the County of Shasta, State of California.

## REDWOOD VALLEY

The Redwood Valley Rancheria, 80 acres, is located north of the town of Redwood Valley, Mendocino County, California.

NE1/4SW1/4, fractional part of SE1/4NW1/4 Section 32, T. 17 N., R. 12 W., Mount Diablo Meridian and fractional part of Lot 131 of Healey's Survey and Map of Yokayo Rancho.

## ROHNERVILLE

The Rohnerville Rancheria, 15.22 acres, is located near Fortuna, Humboldt County, California, and overlooks the village of Ronherville.

-4-

EXHIBIT A

Tract 1: A parcel of land situate in the E1/2SE1/4 Section 1, T. 2 N., R. 1 W., Humboldt Meridian containing 15 acres and more particularly described in a deed recorded in Volume 116 of Deeds, page 93 in the records of Humboldt County, California.

Tract 2: Commencing at the NW corner of the above tract and running thence N. 37° 20' W. 215.5 feet; thence S. 10.6 feet; thence W. 40 feet; thence N. 60 feet; thence E. 40 feet; thence S. 37° 20' E. 277 feet; thence S. 89° W. 37.5 feet to place of beginning, containing 0.22 acres, together with a spring.

SMITH RIVER

The Smith River Rancheria, 163.96 acres, and an unsurveyed island known as Prince Island, 14.25 acres, are located in Del Norte County, California.

Tract 1: Frac. W1/2, N1/2NW1/4NE1/4, NE1/4NE1/4 Section 17, T. 18 N., R. 1 W., Humboldt Meridian, California, containing 163.96 acres.

Tract 2: Unsurveyed island in the Pacific Ocean about 3/4 mile north of Smith River in Section 17, T. 18 N., R. 1 W., Humboldt Meridian, designated on the official plat of survey as Hunters Rock and on the U.S.C. & G. Chart No. 5900 as Prince Island, 14.25 acres.

-5-

DECLARATION OF SERVICE BY MAIL

I, the undersigned, declare:

I am a citizen of the United States, over the age of eighteen years, with my business address at 200 West Henry Street, Ukiah, California 95482, employed in the County of Mendocino and am not a party to the within action.

On the 20th day of July, 1983, I served the within: Stipulation For Entry Of Judgment

on Defendants in said action, by placing a true copy thereof enclosed in a sealed envelope with the correct postage thereon fully prepaid in the United States post office mail box at Ukiah, California, addressed as follows:

Paul E. Locke
Asst. U.S. Attorney
P.O. Box 36055
450 Golden Gate Ave.
San Francisco, CA 94102

Robert L. Bridges
Deputy County Counsel
255 N. Forbes Street
Lakeport, CA 95453

John C. Drummond
County Counsel
County of Mendocino
Courthouse, Rm. 304 -
Ukiah, CA 95482

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 20, 1983 at Ukiah, California.

_Lisa Elgin_
LISA ELGIN