1   DAVID J. RAPPORT
2   LESTER J. MARSTON
    California Indian Legal Services
3   200 West Henry Street
    Post Office Box 488
4   Ukiah, California 95482
    Telephone: (707) 462-3825
5   Attorneys for Plaintiffs

6   SUSAN ROFF
    Acting County Counsel
7   P.O. Box 388
    Quincy, California 95971
8   Telephone:

9   Attorneys for Federal Defendants

10

11

12          IN THE UNITED STATES DISTRICT COURT

13        FOR THE NORTHERN DISTRICT OF CALIFORNIA

14

15  TILLIE HARDWICK, et al.,        )  No.  C-79-1710-SW
                                    )
16                Plaintiffs,       )  STIPULATION FOR ENTRY
                                    )  OF JUDGMENT
17      v.                          )
                                    )
18  UNITED STATES OF AMERICA, et al.,  )
                                    )
19                Defendants.       )
    _____)

20

21          Plaintiffs on their own behalf and on behalf of class

22  members from the Greenville Rancheria and defendants Barara

23  Cokor, the Tax Collector for Plumas County, Ernest Eaton, the

24  Assessor for Plumas County, and the Board of Supervisors of

25  Plumas County, subject to approval of the Court agree as follows:

26          1.  DEFINITIONS - The following definitions shall

27  govern the construction of the stipulation.

28          A.  "PLAINTIFFS" - means all Plaintiffs in the above-

                            -1-

1  captioned case, the Greenville Rancheria, and all those class

2  members from the Greenville Rancheria.

3      B.  "DEFENDANTS" - means Barara Coker/Tax Collector for

4  Lake County, Ernest Eaton/Assessor for Plumas County and the

5  Board of Supervisors of Plumas County.

6      C.  "GREENVILLE RANCHERIA" - means all lands within the

7  exterior boundaries of the Greenville Rancheria as it existed

8  immediately prior to its purported termination by the United

9  States of America.

10      D.  "RANCHERIA PARCELS" - means all parcels of real

11  property within the boundaries of the Greenville Rancheria which

12  were distributed or sold by the United States of America pursuant

13  to the Plan for the Distribution of the assets of the Greenville

14  Rancheria, approved by the Secretary of the Interior on

15  _____March 25_____, 1960.

16      E.  "INDIAN PARCELS" - means all those parcels of real

17  property or interests in said parcels within the boundaries of

18  the Greenville Rancheria currently owned by Indians entitled to

19  return said parcels or interests thereof to the United States of

20  America in accordance with the Judgment of the United States

21  District Court, Northern District of California, in the

22  above-entitled case.

23      F.  "THE PARTIES" - means the Plaintiffs and Defendants

24  as defined above.

25      G.  "INDIAN COUNTRY" - means "Indian Country" as

26  defined by 18 USC 1151.

27      H.  "ELECTION TO RETURN TO TRUST STATUS" - means the

28  filing of a deed in the Plumas County Recorder's Office which as

-2-

been duly accepted by the United States of America which returns Indian Parcels to trust status with the United States of America.

I. "INDIANS" - means any Indian who owns any interest in a Greenville Rancheria parcel.

J. "COUNTY MAINTAINED ROADS" - means those roads which are listed as part of the Plumas County maintained road system, including roadside easements. Said roads include but are not limited to _____.

K. "UNPAID PROPERTY TAXES" - means real property taxes due on Indian parcels.

2. The Parties, subject to approval of the Court pursuant to Federal Rules of Civil Procedure, 23(c), stipulate that the Court may enter judgment as follows:

A. The Court shall certify a sub-class consisting of all those Plaintiffs who are class members of the class previously certified herein from the Greenville Rancheria in Plumas County.

B. The Court shall declare that:

1) The Greenville Rancheria is described as shown on Exhibit A to the Stipulation for Entry of Judgment, filed herein on August 2, 1983, and made the judgment of this Court on December 22, 1983, in Order Approving Entry of Final Judgment in action.

2) The Greenville Rancheria and the Plaintiffs were never and are not now lawfully terminated under the California Rancheria Act ("Rancheria Act"), of August 18, 1958, Pub. L. 85-671, 72 Stat. 69, as amended by the Act of August 11, 1964, 78 Stat. 390; in that the requirements of section 3 of that Act were

-3-

not fulfilled prior to the conveyance of the deeds to the
Rancheria Parcels.

3) As a consequence this Court has authority as a
court of equity to remedy the effects of the premature and
unlawful termination of the Greenville Rancheria and the
Plaintiffs to the extent that it can do so without adversely
affecting the interests of third party purchasers for value of
Rancheria Parcels.

C. The original boundaries of the Greenville
Rancheria, as they existed immediately prior to their purported
termination under the Rancheria Act are hereby restored, and all
land within these restored boundaries of the Greenville Rancheria
are declared to be "Indian Country".

D. The Greenville Rancheria shall be treated by the
County of Plumas and the United States of America, as any other
federally recognized Indian Reservation, and all of the laws of
the United States that pertain to federally recognized Indian
Tribes and Indians shall apply to the Greenville Rancheria and
the Plaintiffs.

E. All real property taxes heretofore paid to the
County of Plumas by Plaintiffs for Indian Parcels shall be
refunded in full to Plaintiffs or the estate of the Plaintiff who
paid them. However, no prejudgment interest shall be added to
the amounts refunded under this paragraph. Defendants shall be
entitled to keep all real property taxes collected on all
property located in the Geeenville Rancheria except as
specifically set forth above.

F. Defendants shall not collect or recover any Unpaid Property Taxes on Indian Parcels within the boundaries of the Greenville Rancheria as restored; any liens to secure the payment of such taxes shall be cancelled; and, except as provided in Paragraph G, defendants shall not have jurisdiction to tax Indian Parcels on said rancheria.

G. After December 31, 1987, the County of Plumas shall have the power, authority and/or jurisdiction to levy and collect property taxes on all Indian parcels which are not held in trust by the United States or for which no election to return to trust status has been made.

H. All County maintained roads within the Greenville Rancheria shall be deemed to have been and now are lawfully owned and maintained by the County of Plumas.

I. All claims whatsoever for money damages, other than the tax refunds under Paragraph E, including court costs and attorneys' fees, against the Defendants resulting from the distribution of the assets of the Greenville Rancheria under the Rancheria Act, which were or could have been made in this action shall be dismissed with prejudice.

DATED: _September 6, 1984_

CALIFORNIA INDIAN LEGAL SERVICES

By: _David J. Rapport_
DAVID J. RAPPORT
Attorneys for Plaintiffs

DATED: _July 10, 1984_

SUSAN ROFF
Counsel for Plumas County

By: _Susan Roff_
SUSAN ROFF
Attorneys for Defendants

IT IS SO ORDERED

_[signature]_
U.S. DISTRICT JUDGE

-5-