1   DAVID J. RAPPORT
    CALIFORNIA INDIAN LEGAL SERVICES
2   P.O. Box 488
    Ukiah, California 95482
3   Telephone: (707) 462-3825

4   Attorneys for Plaintiffs

5   JOHN W. ANDERSON
    Del Norte County Counsel
6   450 "H" Street, Room 7
    Crescent City, California 95971
7   Telephone: (707) 464-7208

8   Attorneys for Del Norte County Defendants

9

10              UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12

13  TILLIE HARDWICK, et al.        )   NO. C-79-1710 SW
                                   )
14       Plaintiffs,               )   STIPULATION FOR ENTRY OF
                                   )   JUDGMENT (DEL NORTE COUNTY)
15  vs.                            )
                                   )
16  UNITED STATES OF AMERICA,      )
    et al.                         )
17                                 )
         Defendants.               )
18  _____)

19

20          Plaintiffs on their own behalf and on behalf of class

21  members from the Smith River and Elk Valley Rancherias (hereaf-

22  ter, "plaintiff Rancherias") and defendants Sarah Samples, the

23  Tax Collector for Del Norte County, Gerald Cochran, the Assessor

24  for Del Norte County, and the Board of Supervisors of Del Norte

25  County, subject to approval of the Court agree as follows:

26          1.  DEFINITIONS - The following definitions shall

27  govern the construction of the stipulation.

28          A.  "PLAINTIFFS" - means all Plaintiffs in the

    STIP FOR ENTRY OF JUDGMENT       -1-
    °hardwick°pldgs°stipl

above-captioned case, the plaintiff Rancherias, and all those class members from the plaintiff Rancherias.

B.   "DEFENDANTS" - means Sarah Samples/Tax Collector for Del Norte County, Gerald Cochran/Assessor for Del Norte County and the Board of Supervisors of Del Norte County, and their successors in office.

C.   "PLAINTIFF RANCHERIAS" - means all lands within the exterior boundaries of the Smith River and Elk Valley Rancherias as described in paragraph 2B.1.)

D.   "RANCHERIA PARCELS" - means all parcels of real property within the boundaries of the plaintiff Rancherias which were distributed or sold by the United States of America pursuant to the Plan for the Distribution of the Assets of the Plaintiff Rancherias, approved by the Secretary of the Interior, under the authority of the California Rancheria Act.

E.   "INDIAN PARCELS" - means all those parcels of real property or interests in said parcels within the boundaries of the Plaintiff Rancherias currently owned by Indians entitled to return said parcels or interests thereof to the United States of America in accordance with the Judgment of the United States District Court, Northern District of California, in the above-entitled case.

F.   "THE PARTIES" - means the Plaintiffs and Defendants as defined above.

G.   "INDIAN COUNTRY" - means "Indian Country" as defined by 18 USC §1151.

H.   "ELECTION TO RETURN TO TRUST STATUS" - means the

STIP FOR ENTRY OF JUDGMENT      -2-
°hardwick°pldgs°stipl

filing of a deed in the Del Norte County Recorder's Office which has been duly accepted by the United States of America which returns Indian Parcels to trust status with the United States of America.

I.    "<u>INDIANS</u>" - means any Indian who owns any interest in a plaintiff Rancherias parcel.

J.    "<u>COUNTY MAINTAINED ROAD</u>" - means those roads which are listed as part of the Del Norte County maintained road system, including roadside easements, located on the plaintiff Rancherias that were conveyed to Del Norte County as part of the termination of the Rancherias, if any.

K.    "<u>UNPAID PROPERTY TAXES</u>" - means real property taxes due on Indian parcels.

L.    "<u>ASSESSMENT</u>" - means an exaction of money imposed on the owner of real property located within the county the payment of which is secured by a lien on the property, including, but not limited to, benefit assessments, assessments imposed under the authority of the Improvement Acts of 1911 and 1913 and the Special Assessment, Investigation, Limitation and Majority Protest Act of 1931, the Revenue Bond Law of 1941, or any similar law.

2.    The <u>Parties</u>, subject to approval of the Court pursuant to Federal Rules of Civil Procedure 23(c), stipulate that the Court may enter judgment as follows:

A.    The Court shall certify a sub-class consisting of those members of the class previously certified herein from the <u>plaintiff Rancherias</u> in Del Norte County.

B.   The Court shall declare that:

1)   The <u>Smith River and Elk Valley Rancherias</u> are described as shown on Exhibit A to the Stipulation for Entry of Judgment, filed herein on August 2, 1983, and made the judgment of this Court on December 22, 1983, in Order Approving Entry of Final Judgment in action.

2)   The <u>plaintiff Rancherias</u> and the <u>Plaintiffs</u> were never and are not now lawfully terminated under the California Rancheria Act ("Rancheria Act"), of August 18, 1958, Pub. L. 85-671, 72 Stat. 69, as amended by the Act of August 11, 1964, 78 Stat. 390; in that the requirements of section 3 of that Act were not fulfilled prior to the conveyance of the deeds to the <u>Rancheria Parcels</u>.

3)   As a consequence this Court has authority as a court of equity to remedy the effects of the premature and unlawful termination of the <u>plaintiff Rancherias</u> and the <u>Plaintiffs</u> to the extent that it can do so without adversely affecting the interests of third party purchasers for value of <u>Rancheria parcels</u>.

C.   The original boundaries of the <u>plaintiff Rancherias</u>, as described in paragraph 2B.1) above are hereby restored, and all land within these restored boundaries of the <u>plaintiff Rancherias</u> are declared to be "<u>Indian Country</u>".

D.   The <u>plaintiff Rancherias</u> shall be treated by the County of Del Norte and the United States of America, as any other federally recognized Indian Reservation, and all of the laws of the United States that pertain to federally recognized

Indian Tribes and Indians shall apply to the plaintiff Rancherias and the Plaintiffs.

E.  All real property taxes heretofore paid to the County of Del Norte by Plaintiffs for the tax year 1979 and any subsequent tax year for Indian parcels shall be refunded in full to Plaintiff or the estate of the Plaintiff, if the plaintiff makes an election to return said parcel to trust status no later than December 31, 1988.  Within ninety (90) days after the deed for said parcel is recorded in the county recorder's office, defendants shall mail to the plaintiff a claim form showing the total refund and the amount to be refunded for each tax year. The defendants shall refund the total amount shown on the form within thirty (30) days after the defendants receive a claim form signed by the plaintiff claiming a tax refund but in no event shall the county be required to pay the tax refund prior to July 1, 1987.  No prejudgment interest shall be added to the amounts refunded under this paragraph.  Defendants shall be entitled to keep all real property taxes collected on all property located on the plaintiff Rancherias except as specifically set forth above.

F.  Defendants shall not collect or recover any Unpaid Property Taxes, assessments or fees on Indian Parcels within the boundaries of the plaintiff Rancherias as restored; any liens to secure the payment of such assessments, fees or taxes shall be cancelled; and, except as provided in Paragraphs G or H, defendants shall not have jurisdiction to tax or assess Indian Parcels on said rancheria.

G.   Fee owned Indian parcels that are connected to the sewer system on the Elk Valley Rancheria shall be subject to the applicable assessments imposed by the sewer district to pay the principle and interest on the bonds issued to construct the sewer system.   Before any plaintiff can complete an election to return an Indian owned parcel to trust status that is connected to or is proposed to be connected to the sewer system, the total of said assessments shall be paid in full.   The beneficial Indian owner of those properties returned to trust or the Indian owner of other Indian owned parcels on the Elk Valley Rancheria actually connected to the sewer system shall be personally liable for any sewer system maintenance fee assessed generally by the county against property located within Sewer Assessment District No. 1.

H.   The County may impose real property taxes on Indian owned parcels that are not owned in trust by the United States of America, if the Indian property owner has not filed within the tax year an exemption form with the county assessor establishing the property owner's status as an Indian.   The county in consultation with plaintiffs shall develop an exemption application form for this purpose.   "Indian" for purposes of this paragraph shall mean a member of a federally recognized Indian tribe, a person eligible for membership in a federally recognized Indian tribe or a person who is at least 1/4 Indian ancestry as established by the records of the Bureau of Indian Affairs ("BIA") or the property owner's tribe.

I.   County maintained roads which service the plaintiff Rancherias and also serve other portions of the County shall be

STIP FOR ENTRY OF JUDGMENT      -6-
°hardwick°pldgs°stipl

1    deemed to have been and now are lawfully owned and maintained by
2    the County of Del Norte.  The county maintained roads of Prince
3    Island Court and Lopez Court on the Smith River Rancheria shall
4    be offered by Del Norte County to be conveyed to the BIA road
5    system and shall be included in said system upon acceptance by
6    the BIA.
7         J.  All claims whatsoever for money damages, other than
8    the tax refunds under Paragraph E, against the Defendants result-
9    ing from the distribution of the assets of the plaintiff
10   Rancherias under the Rancheria Act, which were or could have been
11   made in this action shall be dismissed with prejudice.
12   DATED: _11/21/86_            CALIFORNIA INDIAN LEGAL SERVICES
13
14                               By: _____
15                                  DAVID J. RAPPORT
                                    Attorneys for Plaintiffs
16   DATED: _1/13/87_
17                               JOHN W. ANDERSON
                                 Counsel for Del Norte County
18
                                 By: _____
19                                  JOHN W. ANDERSON
                                    Attorneys for Del Norte County
20                                  Defendants
21
22                               IT IS SO ORDERED
23
24                               _____
                                 SPENCER WILLIAMS
25                               U.S. DISTRICT JUDGE
                                 3-2-87
26
27
28

STIP FOR ENTRY OF JUDGMENT      -7-
°hardwick°pldgs°stipl