DAVID J. RAPPORT
CALIFORNIA INDIAN LEGAL SERVICES
Post Office Box 488
Ukiah, California 95482
Telephone: (707) 462-3825

Attorneys for Plaintiffs

Butte County Counsel
25 County Center Drive
Oroville, California 95965
Telephone: (916) 534-4621

Attorneys for Butte County Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TILLIE HARDWICK, et al. | NO. C-79-1710 SW |
| Plaintiffs, | STIPULATION FOR ENTRY OF JUDGMENT (BUTTE COUNTY) |
| vs. | |
| UNITED STATES OF AMERICA, et al. | |
| Defendants. | |

Plaintiffs on their own behalf and on behalf of class members from the Mooretown Rancheria and defendants Richard Puelicher, the Tax Collector for Butte County, Lawrence Leach, the Assessor for Butte County, and the Board of Supervisors of Butte County, subject to approval of the Court agree as follows:

1. DEFINITIONS - The following definitions shall govern the construction of the stipulation.

A. "PLAINTIFFS" - means all Plaintiffs in the above-captioned case, the Mooretown Rancheria, and all those

STIPULATION FOR
ENTRY OF JUDGMENT
®hardwick®pldgs®stip5

- 1 -

class members from the Mooretown Rancheria.

B. "<u>DEFENDANTS</u>" - means Richard Puelicher/Tax Collec-
tor for Butte County, Lawrence Leach/Assessor for Butte County
and the Board of Supervisors of Butte County, and their succes-
sors in office.

C. "<u>MOORETOWN RANCHERIA</u>" - means all lands within the
exterior boundaries of the Mooretown Rancheria as it existed
immediately prior to its purported termination by the United
States of America pursuant to the California Rancheria Act.

D. "<u>RANCHERIA PARCELS</u>" - means all parcels of real
property within the boundaries of the Mooretown Rancheria which
were distributed or sold by the United States of America pursuant
to the Plan for the Distribution of the Assets of the Mooretown
Rancheria, approved by the Secretary of the Interior on July 21,
1959.

E. "<u>INDIAN PARCELS</u>" - means all those parcels of real
property or interests in said parcels within the boundaries of
the Mooretown Rancheria currently owned by Indians entitled to
return said parcels or interests thereof to the United States of
America in accordance with the Judgment of the United States
District Court, Northern District of California, in the
above-entitled case.

F. "<u>THE PARTIES</u>" - means the Plaintiffs and Defendants
as defined above.

G. "<u>INDIAN COUNTRY</u>" - means "Indian Country" as
defined by 18 USC §1151.

H. "<u>ELECTION TO RETURN TO TRUST STATUS</u>" - means the
filing of a deed in the Butte County Recorder's Office which has

STIPULATION FOR                    - 2 -
ENTRY OF JUDGMENT
°hardwick°pldgs°stip5

been duly accepted by the United States of America which returns Indian Parcels to trust status with the United States of America.

I.    "INDIANS" - means any Indian who owns any interest in a Mooretown Rancheria parcel.

J.    "COUNTY MAINTAINED ROAD" - means those roads which are listed as part of the Butte County maintained road system, including roadside easements, located on the Mooretown Rancheria that were conveyed to Butte County as part of the termination of the Rancheria, if any.

K.    "UNPAID PROPERTY TAXES" - means real property taxes due on Indian parcels.

L.    "ASSESSMENT" - means an exaction of money imposed on the owner of real property located within the county the payment of which is secured by a lien on the property, including, but not limited to, benefit assessments, assessments imposed under the authority of the Improvement Acts of 1911 and 1913 and the Special Assessment, Investigation, Limitation and Majority Protest Act of 1931, the Revenue Bond Law of 1941, or any similar law.

2.    The Parties, subject to approval of the Court pursuant to Federal Rules of Civil Procedure 23(c), stipulate that the Court may enter judgment as follows:

A.    The Court shall certify a sub-class consisting of all those Plaintiffs of the class previously certified herein from the Mooretown Rancheria in Butte County.

B.    The Court shall declare that:

1)    The Mooretown Rancheria is described as shown on Exhibit A to the Stipulation for Entry of Judgment, filed herein on August 2,

1983, and made the judgment of this Court on December 22, 1983, in Order Approving Entry of Final Judgment in action.

2)   The <u>Mooretown Rancheria</u> and the <u>Plaintiffs</u> were never and are not now lawfully terminated under the California Rancheria Act ("Rancheria Act"), of August 18, 1958, Pub. L. 85-671, 72 Stat. 69, as amended by the Act of August 11, 1964, 78 Stat. 390; in that the requirements of section 3 of that Act were not fulfilled prior to the conveyance of the deeds to the <u>Rancheria Parcels</u>.

3)   As a consequence this Court has authority as a court of equity to remedy the effects of the premature and unlawful termination of the <u>Mooretown Rancheria</u> and the <u>Plain-tiffs</u> to the extent that it can do so without adversely affecting the interests of third party purchasers for value of <u>Rancheria Parcels</u>.

C.   The original boundaries of the <u>Mooretown Rancheria</u>, as it existed immediately prior to it purported termination under the Rancheria Act are hereby restored, and all land within these restored boundaries of the <u>Mooretown Rancheria</u> are declared to be "<u>Indian Country</u>".

D.   The <u>Mooretown Rancheria</u> shall be treated by the County of Butte and the United States of America, as any other federally recognized Indian Reservation, and all of the laws of the United States that pertain to federally recognized Indian Tribes and Indians shall apply to the <u>Mooretown Rancheria</u> and the <u>Plaintiffs</u>.

E.   All real property taxes heretofore paid to the County of Butte by <u>Plaintiffs</u> for the tax year 1979 and any

1 subsequent tax year for Indian Parcels shall be refunded in full
2 to Plaintiffs or the estate of the Plaintiff who paid them.
3 However, no prejudgment interest shall be added to the amounts
4 refunded under this paragraph. Defendants shall be entitled to
5 keep all real property taxes collected on all property located in
6 the Mooretown Rancheria except as specifically set forth above.

7 F. Defendants shall not collect or recover any Unpaid
8 Property Taxes, assessments or fees on Indian Parcels within the
9 boundaries of the Mooretown Rancheria as restored; any liens to
10 secure the payment of such taxes, assessments or fees shall be
11 cancelled; and, except as provided in Paragraphs G, defendants
12 shall not have jurisdiction to tax or assess Indian Parcels on
13 said rancheria.

14 G. After December 31, 1989, the County of Butte shall
15 have the limited power, authority and/or jurisdiction to levy and
16 collect real property taxes only on all Indian parcels which are
17 not held in trust by the United States or for which no election
18 to return to trust status has been made.

19 H. All County maintained roads within the Mooretown
20 Rancheria shall be deemed to have been and now are lawfully owned
21 and maintained by the County of Butte.

22 I. All claims whatsoever for money damages, other than
23 the tax refunds under Paragraph E, against the Defendants result-
24 ing from the distribution of the assets of the Mooretown
25 Rancheria under the Rancheria Act, which were or could have been
26 made in this action shall be dismissed with prejudice.
27 ///
28 ///

STIPULATION FOR                    - 5 -
ENTRY OF JUDGMENT
°hardwick°pldgs°stip5

1  DATED: April 2, 1987              CALIFORNIA INDIAN LEGAL SERVICES

2

3

4                                    By: _____

5                                         DAVID J. RAPPORT

6                                         Attorneys for Plaintiffs

7

8

9  DATED: May 9, 1988                SUSAN ROFF

10                                    Counsel for Butte   County

11

12

13                                    By: _____

14                                         SUSAN ROFF
                                           Butte County Counsel
                                           Attorney for Defendants
15

16

17                                    IT IS SO ORDERED

18                                    _____

19                                    U. S. DISTRICT JUDGE

20

21

22

23

24

25

26

27

28

   STIPULATION FOR                    - 6 -
   ENTRY OF JUDGMENT
   *hardwick*pldgs*stip5