**E-Filed 3/30/10**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| WILTON MIWOK RANCHERIA, a formerly federally recognized Indian Tribe, ITS MEMBERS and DOROTHY ANDREWS,<br><br>            Plaintiffs,<br>      v.<br><br>KENNETH L. SALAZAR, et al.,<br><br>            Defendants. | Case No. C-07-02681-JF-PVT<br>Case No. C-07-05706-JF<br><br>ORDER[1] DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION |
| Me-Wuk INDIAN COMMUNITY OF THE WILTON RANCHERIA,<br><br>            Plaintiffs,<br>      v.<br><br>KENNETH L. SALAZAR, et al.,<br><br>            Defendants. | |

   In an order dated February 23, 2010, the Court granted motions to intervene brought by the City of Elk Grove ("City") and the County of Sacramento ("County"). The Court also granted the joint request of the City and County to certify a jurisdictional issue for interlocutory appeal and to stay execution of the judgment to the extent that the judgment allows for land to be taken into trust by the Secretary of the Interior.

---

   [1] This disposition is not designated for publication in the official reports.

Plaintiff Me-Wuk Indian Community of the Wilton Rancheria (the "Me-Wuk Plaintiffs") seek leave to file a motion to reconsider the February 23 order with respect to the City's motion to intervene.  The Me-Wuk Plaintiffs contend that the Court "failed to consider the material fact that City, by its own admission, has no taxing or regulatory interest in the former Rancheria lands at issue and therefore no protectable interest under Rule 24(a)(2)."  (Mot. for Leave 1.)  Both the City and the County argue that the Me-Wuk Plaintiffs' motion for leave violates Local Rule 7-9 by repeating arguments the Me-Wuk Plaintiffs made in their opposition to the motions to intervene.  They also point out that the Me-Wuk Plaintiffs do not assert that the Court's order was in error with respect to the County.  (*See also* Dkt. No. 59 at 5 n.3 ("But even if these arguments [regarding the City's lack of regulatory authority over the land in question] had some merit they would not affect the interests of the County of Sacramento, which unquestionably has taxing, regulatory and jurisdictional powers over the affected parcels. Thus, if intervention is granted to the County of Sacramento, as it should be, there is no good rationale for preventing the City of Elk Grove from participating along with it.").)

The Me-Wuk Plaintiffs are correct that the interests of the City and the County are distinct and that the February 23 order did not address that distinction fully.  However, the distinction is without a difference with respect to both the current status and the ultimate disposition of the pending interlocutory appeal.  Either the Court has subject matter jurisdiction or it does not.  In the present posture of the case, reconsideration would serve no practical purpose.  Accordingly, leave to file a motion for reconsideration will be denied, without prejudice.

**IT IS SO ORDERED.**

DATED: March 30, 2010

_____
JEREMY FOGEL
United States District Judge

Case No.  C-07-02681-JF-PVT
Case No.  C-07-05706-JF
ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION
(JFLC3)