UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TILLIE HARDWICK, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants. | Case No. 79-cv-01710-EMC<br><br>**ORDER DENYING THE BUENA VISTA RANCHERIA OF ME-WUK INDIANS' MOTION TO STAY AGENCY ACTION**<br><br>Docket No. 382 |

On July 10, 2020, the Buena Vista Rancheria of Me-Wuk Indians (the "Tribe") moved this Court for an order requiring the Board of Indian Affairs (BIA) take restored Rancheria lands into trust pursuant to the 1983 Stipulated Judgment. *See* Docket No. 364 ("Mot. to Enforce"). This Court will hear the motion to enforce on October 29, 2020.

While the Tribe's motion to enforce is pending, the Tribe moves this Court for an order requiring the Bureau of Indian Affairs (BIA) to stop taking further action with respect to the Tribe's immediate fee-to-trust matter until this Court rules on the pending motion to enforce the 1983 Stipulated Judgment. *See* Docket No. 382 ("Mot. to Stay"). For the following reasons, the motion to stay the BIA's action is **DENIED**.

The motion to stay in effect seeks a preliminary injunction of the BIA's impending decision on whether to, in its discretion,[1] take the restored Rancheria lands into trust. According

---

[1] Under the Indian Reorganization Act ("IRA"), 25 U.S.C. §§ 5101–44, the BIA has discretion to acquire trust title to land or interests in land. *See* Department of the Interior, Bureau of Indian Affairs, Office of Trust Services, Division of Real Estate Services, *Acquisition of Title to Land Held in Fee or Restricted Fee Status* ("Fee-to-Trust Handbook") at 4, *available at* https://www.bia.gov/node/4361/handbook/attachment/newest (last visited October 7, 2020). The BIA's *discretionary* acquisitions are distinguishable from *mandatory* acquisitions—such as the

to the Government, the BIA will issue a decision on whether to exercise its discretion to take the lands into trust on or before October 22, 2020, ahead of the hearing on the Tribe's motion to enforce scheduled for October 29, 2020. *See* Docket No. 384 ("Opp'n") at 1. The parties agree that the same test that applies to a preliminary injunction applies to this motion to stay, *i.e.*, the Tribe must show (1) a likelihood of success on the merits; (2) irreparable harm; (3) that the balance of the equities weighs in its favor; and (4) that an injunction is in the public interest. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Here, the Tribe has failed to show irreparable harm threatened by a BIA decision. First, the Tribe's purported harm is speculative because there is a chance—even if small—that the BIA will exercise its discretion to take the lands into trust. If that happens, the Tribe will not be harmed, not to mention that such discretionary acquisition would likely moot the Tribe's motion to enforce the 1983 Stipulated Judgment.

Second, even if the BIA denies the Tribe's request to take the lands into trust, the Tribe will not necessarily be harmed because this Court could still require the BIA to take the lands into trust pursuant to the 1983 Stipulated Judgment. Indeed, the BIA's discretionary decision to approve or deny the Tribe's request to take the lands into trust has no effect on this Court's authority to *require* the BIA to do so under the 1983 Stipulated Judgment. As explained by the Department of the Interior's Fee-to-Trust Handbook,

> A mandatory trust acquisition is one directed by Congress *or a judicial determination* that requires the Secretary to accept title to land into trust, or hold title to certain lands in trust by the United States, for an individual Indian or Tribe. *The Secretary does not have discretion to deny the request to accept title of land into trust.*

Fee-to-Trust Handbook at 31 (emphasis added). Therefore, if the Court finds that the 1983 Stipulated Judgment requires the BIA to take the lands into trust, the BIA will be bound by that order. *Cf. Nat. Res. Def. Council v. Jewell*, 749 F.3d 776, 784 (9th Cir. 2014) (en banc) ("The agency lacks discretion only if another legal obligation makes it impossible for the agency to

---

[1] 1983 Stipulated Judgment—whereby "Congress or a judicial order [] requires the Secretary to accept title to land into trust, or hold title to certain lands in trust by the United States, for an individual Indian or Tribe." *Id.* at 5.

exercise discretion for the protected species' benefit."). In other words, the BIA cannot enforce its own discretionary decision if it contradicts this Court's mandatory order to take the lands into trust pursuant to the 1983 Stipulated Judgment.

Accordingly, the Tribe's motion to stay the BIA's action is **DENIED** because the Tribe has failed to establish that it will offer irreparable harm absent a stay.

This order disposes of Docket No. 382.

**IT IS SO ORDERED**.

Dated: October 19, 2020

_____
EDWARD M. CHEN
United States District Judge