PADRAIC I. MCCOY (SBN 223341)
OCOTILLO LAW & POLICY PARTNERS, LLP
MCCOY@OLP-PARTNERS.COM
6650 GUNPARK DRIVE
BOULDER, CO 80301
(303) 500-7756

ATTORNEY FOR PLAINTIFF/MOVANT

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TILLIE HARDWICK, et al., | Case No. 5-29-1710-SW |
| Plaintiffs, | Date:<br>Time:<br>Courtroom: United States District Court, San Francisco Courthouse, Courtroom 5 – 17th Floor<br>450 Golden Gate Avenue,<br>San Francisco, CA 94102 |
| UNITED STATES OF AMERICA, et al., | **THE BUENA VISTA RANCHERIA OF ME-WUK INDIANS' MOTION FOR SANCTIONS** |
| Defendants. | |

**PLEASE TAKE NOTICE** that a hearing will be held on a date and time to be determined by the Court at the United States District Court, San Francisco Courthouse, Courtroom 5 – 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, regarding this motion by Buena Vista Rancheria ("Rancheria") and the Buena Vista Rancheria of Me-Wuk Indians ("Tribe"), collectively referred to herein as the "Buena Vista," for an order

THE BUENA VISTA RANCHERIA'S MOTION FOR SANCTIONS - 1

awarding the sanctions herein requested pursuant to Civil Local Rule 7-8 and this Court's inherent powers.

## STATEMENT OF RELIEF REQUESTED

Buena Vista respectfully moves this Court under Civil Local Rule 7-8 and its inherent powers to enter the Proposed Order awarding attorney fees and sanctions against the Bureau of Indian Affairs based on its order of November 13, 2020, Doc. 391, which found that the 1983 Stipulated Judgment requires BIA to grant Buena Vista's mandatory trust election. Sanctions for BIA's repeated and continuous violations of the Stipulated Judgment, which forced Buena Vista to move this Court to enforce the Judgment, should now be imposed.

## POINTS AND AUTHORITIES

### A. Civil Local Rule 7-8

Under Civil Local Rule 7–8(c), sanctions motions "must be made as soon as practicable, after the filing party learns of the circumstances that it alleges made the motion appropriate." Civ. L.R. 7–8(c). This motion is made separately, within 14 days of the Court's Order, and as soon as was practicable after entry of the November 13 Order. Therefore, the local rule is satisfied.

### B. Authority for the Imposition of Sanctions

Buena Vista moves the Court to impose sanctions as an exercise of this Court's inherent powers. "All federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders.... As a function of this power, courts can dismiss cases in their entirety, bar witnesses, award attorney's fees and assess fines." *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1136 (9th Cir. 2001) (citations omitted). Specifically, "a district court has the inherent power

THE BUENA VISTA RANCHERIA'S MOTION FOR SANCTIONS - 2

to sanction for: (1) willful violation of a court order; or (2) bad faith.... Either supports the imposition of sanctions." *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1035 (9th Cir. 2012); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–46 (1991). In this case, as discussed below, the Court may impose sanctions under both standards.

### C. The BIA Repeatedly Violated the 1983 Stipulated Judgment

The Court may impose sanctions for BIA's violation of the Court's 1983 Stipulated Judgment, and also for the BIA's bad-faith refusal, over the course of decades, to grant Buena Vista's election.

This Court's determination that the 1983 Stipulated Judgment expressly requires BIA to accept Buena Vista's mandatory trust election necessarily means that BIA's repeated refusals to grant the election violate the Stipulated Judgment. As described in Buena Vista's Motion to Enforce the 1983 Stipulated Judgment, Doc. 364, at 16-21, Buena Vista submitted multiple repeated requests to BIA for trust restoration. The first request was made in 1996. *Id*. Its last request was made in 2010 and was finally denied, without right of appeal, in April 2019. *Id*. As its only recourse, Buena Vista was forced to seek an order from this Court requiring BIA to comply with its 1983 Judgment. This is a sufficient showing of bad faith, but here there is more to support the current motion.

Over eight years, Buena Vista met with various Assistant Secretaries of Indian Affairs ("AS-IA") themselves, and their staff, including AS-IAs Larry Echohawk, Del Laverdure (acting), Kevin Washburn, and Larry Roberts (acting). Doc. 364, at 17-18. Mr. Echohawk told Buena Vista during an in-person meeting in his office that Indian Affairs was "ready to do its part." *Id*. Yet nothing ever materialized. AS-IA Washburn asked Buena Vista if it believed "he had a magic wand" to grant Buena Vista's request. *Id*. at 18. One AS-IA

THE BUENA VISTA RANCHERIA'S MOTION FOR SANCTIONS - 3

explained to the Tribal Chairwoman that acquisition of the Rancheria parcel would cost the Department "political capital," implying that the Department was highly unlikely to expend such capital for a small California Rancheria tribe. *Id*. While such factors might be relevant and proper with respect to a discretionary fee-to-trust application, this was a mandatory trust election under the 1983 Judgment. Because the BIA's authority was limited to the four corners of the 1983 Judgment, the Department's consideration of such factors necessarily constitutes an abuse of power.

Moreover, had the Federal Defendants complied with the 1983 Judgment, Buena Vista would have been spared eleven years of litigation delay and involvement arising from the case of *Amador County, Cal. v. Salazar, et al.*, 640 F.3d 373 (D.C. Cir. 2011), four years of litigation delay and involvement arising from the case of *Friends of Amador Cty. v. Salazar*, No. CIV. 2:10-348 WBS, 2011 WL 4709883, at *4 (E.D. Cal. Oct. 4, 2011), aff'd, 554 F. App'x 562 (9th Cir. 2014), and years of administrative hassling and intimidation by Amador County, which caused years of delay and significant increases in costs associated with Buena Vista's gaming development.

Further, BIA's violation of the 1983 Stipulated Judgment is made more pronounced by the federal defendants' unique fiduciary duties to Buena Vista. The United States maintains a trust relationship with Indians and Indian tribes. "This principal has long dominated the Government's dealings with Indians." *United States v. Mitchell*, 463 U.S. 206, 225 (1983). *See United States v. Mason*, 412 U.S. 391, 398 (1973); *Minnesota v. United States*, 305 U.S. 382, 386 (1939); *United States v. Shoshone Tribe*, 304 U.S. 111, 117-118 (1938); *United States v. Candelaria*, 271 U.S. 432, 442 (1926); *McKay v. Kalyton*, 204 U.S. 458, 469 (1907); *Minnesota v. Hitchcock*, 185 U.S. 373, 396 (1902); *United States v. Kagama*, 118

U.S. 375, 382-384 (1886); *Cherokee Nation v. Georgia*, 30 U.S. 1 (1831). The nature of that trust relationship was described by the Supreme Court in *Seminole Nation v. United States*, 316 U.S. 286 (1942) as follows:

> [T]his Court has recognized the distinctive obligation of trust incumbent upon the Government in its dealings with these dependent and sometimes exploited people . . . In carrying out its treaty obligations with the Indian tribes the Government is something more than a mere contracting party. Under a humane and self imposed policy which has found expression in many acts of Congress and numerous decisions of this Court, it has charged itself with moral obligations of the highest responsibility and trust. Its conduct, as disclosed in the acts of those who represent it in dealings with the Indians, should therefore be judged by the most exacting fiduciary standards.

*Id*. at 296-297 (citation omitted). BIA not only violated this Court's Judgment in bad faith, it ignored its fiduciary obligations.

Finally, as noted in the Tribe's Motion to Enforce, Docket 364 at 18, the BIA agreed with the Tribe that its request constituted mandatory trust under the 1983 Stipulation. This agreement was expressed in person by BIA personnel at the time of the Tribe's first meeting to present its request, in July 2010. This agreement was repeated both expressly and impliedly by BIA and DOI personnel following the July 2010 meeting and for approximately two years thereafter. As stated in the Motion to Enforce, *id*. at 18-19, the Tribe cooperated with BIA in satisfying the agency's title standards and other procedural and ministerial pre-acquisition "requirements"—all on the basis that BIA itself believed that the Tribe qualified for mandatory trust. It was not until the 2019 BIA decision, in fact, that BIA expressed a different view. And it was not until 2020 that BIA offered any reasoned basis for denying the Tribe's request. The Tribe lost years of progress therefore, not only because BIA refused to comply with the 1983 Stipulation for 24 years, but because BIA itself led the Tribe astray by initially assenting that the request was mandatory and then later reversing its position.

THE BUENA VISTA RANCHERIA'S MOTION FOR SANCTIONS - 5

D. **Specific Sanctions Requested**

Buena Vista seeks an award of attorney fees and costs as sanctions in this case, as well as an amount to be determined by the Court to remedy the prejudice suffered by the Tribe during the years that BIA refused to grant the mandatory trust. BIA's actions have caused substantial prejudice to Buena Vista and, while they did not disrupt any court-scheduled deadlines, they violated this court's clear order. "[A]n assessment of attorney fees is undoubtedly within a court's inherent powers [.]" *Chambers,* 501 U.S. at 45. In addition, "[a]n inherent powers sanction is meant to 'vindicat[e] judicial authority.'" *Mark Industries, Ltd. v. Sea Captain's Choice, Inc.*, 50 F.3d 730, 733 (9th Cir.1995), quoting *Chambers*, 501 U.S. at 44. In vindicating the court's authority with sanctions, the amount of the award is intended to achieve a purpose that supplements a substantive remedy to the aggrieved party. *Mark Industries*, 50 F.3d at 733. *See also Aloe Vera of Am., Inc. v. United States*, 376 F.3d 960, 966 (9th Cir. 2004) ("In light of Aloe Vera's willful and repeated disobedience of the September 28 order, the district court did not abuse its discretion in imposing sanctions in the amount of BNA's attorneys' fees and costs incurred as a direct result of these violations."). And, to be sure, **such sanctions may be levied on federal agencies**. *See F.D.I.C. v. Maxxam, Inc.*, 523 F.3d 566 (5th Cir. 2008) (imposing sanctions on FDIC under Rule 11 and court's inherent power for prosecuting suit in manner calculated to delay case and increase costs of defense); *Armstrong v. Exec. Office of President*, 821 F. Supp. 761, 768 (D.D.C.), rev'd sub nom. *Armstrong v. Exec. Office of the President, Office of Admin.*, 1 F.3d 1274 (D.C. Cir. 1993) (federal agencies held in civil contempt for their failure to comply with court order and subject to sanctions); *Nat'l Ass'n of Radiation Survivors v. Turnage*, 115 F.R.D. 543 (N.D. Cal. 1987) (court required Veterans Administration to pay

THE BUENA VISTA RANCHERIA'S MOTION FOR SANCTIONS - 6

plaintiffs' costs and fees and to pay $15,000 to clerk of court to compensate court for unnecessary consumption of court's time and resources pursuant to its inherent powers)

Buena Vista is clearly harmed by BIA's endless refusal to accept the mandatory trust conveyance, but, given the egregiousness of its action, sanctions are also appropriate to vindicate the Court's authority. Thus, Buena Vista asks the Court to impose sanctions in the amount of the attorney fees and costs associated with this filing, its Motion to Enforce the 1983 Stipulated Judgment, and its filings both requesting a stay of agency action and opposing BIA's motion to hold this action in abeyance, as well as an amount that this Court determines sufficient to recognize Buena Vista's repeated attempts to persuade BIA to comply with the Judgment. A declaration of attorney fees and costs by undersigned counsel is attached to this motion as Exhibit A.

### E. Reasonable Attorney Fees

A district court employs a two-step process to calculate a reasonable fee award. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the court calculates the lodestar figure, which represents the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Second, the court determines whether to increase or reduce that figure based on several factors that are not subsumed in the lodestar calculation. *See Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016); *see also Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

To determine a reasonable billing rate, the court generally looks to "the forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). "The number of hours to be compensated is calculated by considering whether, in light of

THE BUENA VISTA RANCHERIA'S MOTION FOR SANCTIONS - 7

the circumstances, the time could reasonably have been billed to a private client." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). A court should exclude from the lodestar amount hours that are not reasonably expended because they are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. There is a "strong presumption" that the lodestar figure represents the reasonable fee award. *Dague*, 505 U.S. at 562.

In support of the attorney-fee award, the attached Declaration discusses the qualifications of counsel McCoy and Swyers, their hourly rates, and the time each spent in prosecuting and defending Buena Vista's Motion to Enforce. Counsel's rates are very reasonable in this forum. *See Cotter v. Lyft Inc.*, No. 13–cv–4065–VC, 2017 WL 1033527 (N.D. Cal. Mar. 16, 2017) Order Granting Final Approval of Settlement Agreement (Dkt. No. 310) (approving hourly rates of $800 for class of 1996, $500 for class of 2010, $325 for class of 2014, and $200 paralegal rate); *Nat'l Fed'n of the Blind of Cal. v. Uber Techs., Inc.*, No. 14–cv–4086–NC (N.D. Cal. Dec. 6, 2016) Order Granting Final Approval and Attorneys' Fees (Dkt. No. 139) (approving hourly rates of $900 for class of 1980, $895 for class of 1985, $645 for class of 2005, $475 for class of 2010, $460 for class of 2011, $355 for class of 2014, $275 paralegal rate, and $275–280 for summer associates); *Alden v. Alden*, No. CIV 524269 (San Mateo Cty. Super. Ct. Nov. 23, 2015) Order Granting Petitioner Katherine Alden's Motion for Attorneys' Fees and Costs (approving hourly rates of $990 for 41 years of experience, $875 for 22 years, $600 for ten years, and $500 for three years); *In re High–Tech Emp. Antitrust Litig.*, No. 11-cv-02509-LHK, 2015 WL 5158730, at *9 (N.D. Cal. Sept. 2, 2015) Order Granting in Part and Denying in Part Motions for Attorney's Fees, Reimbursement of Expenses, and Service Awards (approving rates for partners ranging from $490–950, rates

for non-partner attorneys from $310–800, with most under $500, and rates for paralegals, law clerks, and litigation support staff from $190–430, with most under $300)).

## CONCLUSION

BIA's refusal to accept Buena Vista's mandatory-trust request, over years-long delay, is in clear violation of the 1983 Stipulated Judgment. Measured from the time of its first trust restoration request in 1996, the benefit of its bargain has been withheld from Buena Vista for 24 years. This is a true injustice and Buena Vista should not have been forced to expend additional time or resources to compel what is obviously already required. Respectfully, Buena Vista requests that this Court award the attorney fees and costs it has had to expend to compel the BIA's compliance with the Judgment and an amount sufficient to vindicate this Court's authority.

Dated: November 27, 2020  Respectfully submitted,

*/s/ Padraic I. McCoy*
**Ocotillo Law & Policy Partners, LLP**
Counsel to the Buena Vista Rancheria

PADRAIC I. MCCOY (SBN 223341)
OCOTILLO LAW & POLICY PARTNERS, LLP
MCCOY@OLP-PARTNERS.COM
6650 GUNPARK DRIVE
BOULDER, CO 80301
(303) 500-7756

ATTORNEY FOR PLAINTIFF/MOVANT

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TILLIE HARDWICK, et al., | Case No. 5-29-1710-SW |
| Plaintiffs, | |
| UNITED STATES OF AMERICA, et al., | **[PROPOSED] ORDER GRANTING THE BUENA VISTA RANCHERIA OF ME-WUK INDIANS' MOTION FOR SANCTIONS** |
| Defendants. | |

## [PROPOSED] ORDER

The Motion filed by Plaintiff Buena Vista Rancheria of Me-Wuk Indians for sanctions based on this Court's November 13, 2019 Order, which granted Buena Vista's Motion to Enforce the 1983 Stipulated Judgment, was set for hearing on _____, 2020. Based on the papers in support of and opposition to the motion and arguments of counsel, the Court hereby grants the Motion for Sanctions.

THE BUENA VISTA RANCHERIA'S MOTION FOR SANCTIONS - 1

THEREFORE, IT IS ORDERED THAT the sanctions are hereby imposed against the Bureau of Indian Affairs in the amount of $_____.

Dated:_____                    _____
                                            United States District Judge