PAUL E. SALAMANCA
Assistant Attorney General
DEVON LEHMAN MCCUNE, Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
999 18th Street, South Terrace Suite 370
Denver, CO 80202
Tel: (303) 844-1487
Fax: (303) 844-1350
Email: devon.mccune@usdoj.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TILLIE HARDWICK, et al. | Case No. 3:79-CV-1710-EMC |
| Plaintiffs, | UNITED STATES' OPPOSITION TO THE BUENA VISTA RANCHERIA OF ME-WUK INDIANS' MOTION FOR SANCTIONS |
| v. | |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

## I.     INTRODUCTION

Buena Vista Rancheria of Me-Wuk Indians' Motion for Sanctions, ECF No. 392 ("Motion for Sanctions") should be denied.  While Buena Vista asserts that it is seeking sanctions, in actuality, Buena Vista is seeking attorney's fees in contravention of the well settled rule that litigants pay their own attorney's fees unless they are eligible for the mechanism Congress provided for seeking fees against the United States in the Equal Access to Justice Act.  Buena Vista seeks attorney's fees for the cost of litigating its motion to enforce the 1983 Stipulated Judgment, ECF No. 364 ("Motion to Enforce"), which challenged the Bureau of Indian Affairs' ("BIA") interpretation of the 1983 Stipulated Judgment. Buena Vista does not assert that the BIA acted in bad faith in the course of the litigation, but instead argues that because the Court's Order Granting Plaintiffs' Motion to Enforce found that BIA's

1  interpretation was incorrect, BIA has been violating a court order in bad faith.  This position is both

2  without merit and without support.

3        The Motion for Sanctions should be denied because Buena Vista has not made the strong

4  showing of bad faith necessary to impose sanctions.  While this Court ultimately disagreed with the

5  United States' interpretation of the Stipulated Judgment, written and negotiated between the parties

6  nearly forty years ago, the interpretation was reasonable and in good faith.  Buena Vista has not shown

7  any evidence that the United States acted in bad faith, and the Court's inherent powers to control cases

8  before it cannot be used to sanction the agency based on the very decision being challenged.  Buena

9  Vista therefore has not met its burden of justifying sanctions and its motion should therefore be denied.

## II.        FACTUAL AND PROCEDURAL BACKGROUND

10       This case was originally brought as a class action in 1979 by individuals who were distributees

11  of terminated Rancherias, seeking restoration of their status as Indians and entitlement to federal

12  benefits, as well as the right to reestablish their tribes as recognized governmental entities.  *Hardwick v.*

13  *United States*, No. 79-1710 (N.D. Cal. filed July 12, 1979).  In 1983, the parties submitted a stipulation

14  for entry of judgment to the Court, indicating that they had agreed upon a settlement of the case.  ECF

15  No. 364-1.  The Court signed the stipulation for entry of judgment.  ECF No. 91.  The Court closed the

16  case in 1992.

17       In 1996, after Buena Vista received grant deed to the Rancheria, it attempted to convey the

18  parcel to the United States to be held in trust.  Order at 4.  The BIA informed Buena Vista that it did not

19  have authority to take the land into trust and directed Buena Vista to go through the discretionary

20  process for fee-to-trust acquisitions set out in the regulations at 25 C.F.R. Part 151 ("Part 151 process").

21  *Id.*  In 2004, the BIA again informed the Tribe that the Buena Vista Rancheria was not held in trust and

22  again referred the Tribe to the discretionary fee-to-trust process at 25 C.F.R. Part 151.  Decl. of Buena

23  Vista Rancheria Chairwoman in Supp. of Mot. to Enforce Judgment, ECF No. 364-1 ("Pope Decl.") ¶ 7;

24  ECF No. 364-1 at 42 (letter from BIA to Judith Albietz).  In 2010, Buena Vista again requested that the

25  land be taken into trust, and was informed in 2012 that it must go through the Part 151 process.  Order at

26  4–5.  In 2018, BIA issued a letter notifying Buena Vista that "the subject property was not eligible to be

27  brought into trust under the mandatory provisions [of the 1983 Stipulated Judgment] and will have to be

28

resubmitted to be processed as a discretionary application." ECF No. 364-1 at 210 (letter from BIA to Chairperson). The BIA returned the application to the Tribe and notified the Tribe that it could "submit a new complete application at any time in the future." ECF No. 364-1 at 210. The Tribe filed a notice of appeal with the Interior Board of Indian Appeals ("IBIA"). The BIA Regional Solicitor filed a request for voluntary remand with the IBIA. ECF No. 364-1 at 212 (IBIA Order Docketing Appeal, Vacating Decision, and Remanding). Consistent with its usual practice, the IBIA granted the motion for a voluntary remand and vacated the underlying decision before sending it back to the BIA for further consideration. *Id.*

In October 2020, the BIA issued a disapproval of Buena Vista's fee-to-trust application concluding that the BIA does not have authority under the Stipulated Judgment to acquire the subject property in trust through the mandatory acquisition process and inviting Buena Vista to submit an application under the Part 151 process.

On November 13, 2020, this Court issued an Order Granting Plaintiffs' Motion to Enforce. ECF No. 391 ("Order"). The Court found that Buena Vista is a "successor in interest" to the original distributees of the Rancheria and thus entitled to have its land taken into trust under the mandatory provisions of the Stipulated Judgment. *Id.* at 11. The United States has not yet made a determination as to whether it will appeal the Order.

On November 26, 2020, Buena Vista filed this Motion for Sanctions, arguing that because of the Court's Order, the BIA has repeatedly violated the Stipulated Judgment from 1996 to 2020, by refusing to take the land into trust as a mandatory acquisition. Mot. for Sanctions at 3.

### III.     LEGAL STANDARD

The general rule in American jurisprudence "has long been that attorney's fees are not ordinarily recoverable"; "absent statute or enforceable contract, litigants pay their own attorneys' fees." *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257 (1975) (citations omitted) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–44 (1991)). Federal courts, however, have "inherent powers" "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers*, 501 U.S. at 43. The courts may use these powers to levee contempt sanctions "to 'protect[ ] the due and orderly administration of justice' and 'maintain[ ] the authority and dignity of the court.'" *Primus Auto. Fin.*

*Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997) (quoting *Cooke v. United States*, 267 U.S. 517, 539 (1925)) (alteration in original).  "Because of their very potency, inherent powers must be exercised with restraint and discretion."  *Chambers*, 501 U.S. at 44; *see also Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 951–52 (9th Cir. 2014) (quoting *Roadway Ex., Inc. v. Piper*, 447 U.S. 752, 764–65 (1980)).  Accordingly, such sanctions are reserved for "serious breaches."  *Zambrano v. City of Tustin*, 885 F.2d 1473, 1485 (9th Cir. 1989).

As part of this restraint, "[b]efore awarding sanctions under its inherent powers . . . the court must make an explicit finding that counsel's conduct 'constituted or was tantamount to bad faith.'"  *Primus Auto.*, 115 F.3d at 648; *see also In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996) (same); *Yagman v. Republic Ins.*, 987 F.2d 622, 628 (9th Cir.1993) (holding that when sanctioning counsel, "[c]ourts may not invoke [inherent] powers without a 'specific finding of bad faith.'" (quoting *United States v. Stoneberger*, 805 F.2d 1391, 1393 (9th Cir. 1986)); *Zambrano*, 885 F.2d at 1478 ("To insure that restraint is properly exercised, we have routinely insisted upon a finding of bad faith before sanctions may be imposed under the court's inherent power.").  "Whether termed "willful misconduct" or conduct "tantamount to bad faith," such sanctionable conduct is "something more egregious than mere negligence or recklessness."  *Hechavarria v. City & Cty. of San Francisco*, No. C-10-00525 CRB DMR, 2010 WL 4937314, at *3 (N.D. Cal. Nov. 30, 2010) (quoting *In re Lehtinen*, 564 F.3d 1052, 1058 (9th Cir. 2009)).  "Accordingly, the bad-faith requirement sets a 'high threshold,' which may be met by willful misconduct, . . . or recklessness that is coupled with an improper purpose."  *Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 285 (N.D. Cal. 2015) (quoting *Primus Auto.*, 115 F.3d at 649).  "A person should not be held in contempt if his action appears to be based on a good faith and reasonable interpretation of the court's order."  *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993); *see also Hawkins v. Kroger Co.*, No. 15CV2320 JM(AHG), 2020 WL 6150040, at *5 (S.D. Cal. Oct. 20, 2020).  The moving party bears the burden of demonstrating bad faith.  *Id.*

## IV.   ARGUMENT

Buena Vista's motion should be denied because it has failed to demonstrate any bad faith on the part of BIA.  The entire basis for its motion is this Court's finding that the 1983 Stipulated Judgment

requires BIA to grant Buena Vista's mandatory trust election. *See* Mot. for Sanctions at 3–5. Buena Vista argues that the "BIA's repeated and continuous violations of the Stipulated Judgment" — all of which occurred before this Court issued its Order holding that the BIA must take the land into trust as a mandatory acquisition — are a willful violation of a court order and demonstrate bad faith on the part of the BIA. Mot. for Sanctions at 3. This argument must be rejected because the BIA acted on a good faith, reasonable interpretation of the Stipulated Judgment. Buena Vista has shown no evidence that the BIA acted in bad faith. In addition, Buena Vista has not shown the Court's inherent powers to manage its affairs allows it to sanction a party for actions taken outside the litigation and before this Court's Order. And finally, if the Court determines that sanctions are appropriate, it should not impose all the sanctions Buena Vista requests.

## A.     The BIA made a good faith, reasonable interpretation of the Stipulated Judgment.

First, this Court should not impose sanctions because BIA's action was "based on a good faith and reasonable interpretation of the" Stipulated Judgment. *See In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d at 695; *see also Kroger Co.*, 2020 WL 6150040, at *5. The BIA concluded that under the stipulation, it could only accept land-into-trust from tribes within two years of the stipulation and thus that Buena Vista's land-into-trust application should be processed as a discretionary application. Order at 5. As explained in the BIA's decision letter and briefing before this Court, the BIA's interpretation was based on the language of the Stipulated Judgment and relevant authority. *See* U.S.' Opp'n to Motion to the Buena Vista Rancheria of Me-Wuk Indians' Mot. to Enforce the 1983 Stipulated Judgment, ECF No. 381 ("U.S. Opp'n"); ECF No. 388-1 (2020 Decision Document). The BIA read Paragraph 8 of the Stipulated Judgment as applying only to individuals based on the named plaintiffs being individuals, not tribes, and the paragraph's reference to the land being "held in trust for his/her *individual* benefit or the benefit of any other member or members of the Rancheria." Stipulated Judgment ¶ 8 (emphasis added); U.S. Opp'n at 6–8. The BIA also determined that interpreting "class member" in Paragraph 8 to include tribes would make the time limitation in Paragraph 7 meaningless because tribes could apply for their land to be taken into trust either under Paragraph 7 with a two year limitation, or under Paragraph 8 with no time limitation, essentially writing Paragraph 7 and its time limitation out of the Stipulated Judgment. *Id.*

1    The BIA's position was not frivolous, but based in relevant authority.  The BIA relied on

2  statements from this Court describing the *Hardwick* class as including "all distributees of lands pursuant

3  to the California Rancheria Act *and all individuals who inherited such lands from a distributee*."

4  *Hardwick v. United States*, 2012 WL 6524600, at *4 (emphasis added).  The BIA also relied on the IBIA

5  decision in *Santana v. Sacramento Area Director*, 33 IBIA 135, 141–43 (1999), where the IBIA held

6  that a parcel that was community-owned at the time of the Stipulated Judgment and was later transferred

7  to individual ownership had to be taken into trust within two years under Paragraph 7 of the Stipulated

8  Judgment.  That case held that "[i]f community-owned lands could be transferred into individual

9  ownership at any time, with BIA being required to treat those lands as then falling under paragraph 8 of

10  the stipulated judgment, paragraph 7 would be rendered a nullity." *Id.* at 142-43.  The BIA reasonably

11  read this decision as also preserving Paragraph 7 in the inverse scenario, such as here, where

12  individually-held land was passed into community ownership.  The BIA's reliance on the IBIA's

13  reasoning, a body with deep expertise in Indian law and with *Tillie Hardwick* matters, was reasonable

14  and in good faith.

15    This Court has also previously interpreted the "successor-in-interest" term in this case, in relation

16  to litigation concerning the Picayune Rancheria.  It found that, where the rancheria property at issue

17  there had been acquired by the tribe from private individuals years after the 1985 time limit for

18  community-owned land acquisitions, "the Court cannot agree that the Tribe is a 'successor-in-interest'

19  as that term generally is used and as it appears to be used in the 1987 Stipulated Judgment."  ECF No.

20  296 at 3.  This reasoning informed the BIA's analysis on this matter and the meaning of "successor-in-

21  interest" in the Stipulated Judgment.  The fact that this Court itself found that a Tribe was not a

22  "successor-in-interest" under the Stipulated Judgment supports the reasonableness and good faith nature

23  of the BIA's interpretation.

24    Thus, the BIA's position was in good faith and was reasonable, given that it was based on the

25  relevant language in the stipulation and relevant authority.  Notably, the interpretation in this case was

26  particularly challenging given that it was an interpretation of a settlement drafted by the original parties

27  to the litigation nearly forty years ago.  Indeed, the stipulation's ambiguities and errors have been

recognized elsewhere in this litigation.  *See* ECF No. 361 at 7 (acknowledging that at least one Rancheria named in the Complaint was left out of the Stipulation without explanation and apparently in error).

The BIA's consistency in its interpretation — it informed Buena Vista in 1996, 2004, 2012, 2018, and 2020 that it did not have authority to take the land into trust under the mandatory provisions of the Stipulated Judgment, s*ee* Order at 4–5; Pope Decl. at ¶¶ 6, 7 — also indicates that the BIA was acting in good faith instead of taking a position merely to delay or hinder litigation.  While the Court ultimately disagreed with the BIA's interpretation, it did not find it to be frivolous or otherwise in bad faith.  That the BIA lost this issue is not an indication that the BIA acted in bad faith or willfully violated court orders and should not be the basis for a contempt finding here.  *See In re Dual-Deck*, 10 F.3d at 695 ("[A] person should not be held in contempt if his action 'appears to be based on a good faith and reasonable interpretation of the court's order.'"); *see also Kroger Co.*, 2020 WL 6150040, at *5.  In addition, the BIA can only act within the authority Congress has granted it.  Like all federal agencies, it must continually examine the limits of its authority and ensure it does not take *ultra vires* action, violative of the law and reversible under the APA.  Thus, the BIA acted properly by carefully examining its authorities here and not taking the land into trust as a mandatory acquisition, given its reasonable interpretation of the Stipulated Judgment.  *See City of Arlington, Tex. v. FCC*, 569 U.S. 290, 297–98 (2013).  Because the BIA's interpretation was reasonable and in good faith, there is no basis for a finding of bad faith here.

**B.    Buena Vista has not shown that the BIA acted in bad faith.**

Even setting aside that the BIA's actions were reasonable and in good faith, Buena Vista has not presented any evidence of bad faith.  An explicit finding of bad faith or conduct akin to bad faith is required before the Court can award sanctions under its inherent powers.  *Primus Auto.*, 115 F.3d at 648; "A finding of bad faith is warranted where an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent."  *Primus Auto.*, 115 F.3d at 649.  Buena Vista has not argued that any of these things occurred and therefore has not shown bad faith.

Buena Vista argues that the Court's Order necessarily means the BIA violated the Stipulated Judgment in the years before the Order was entered. But even if the Court's Order indicates that the BIA violated the Stipulated Judgment, it was not a "willful" violation because it was not aware that it was violating an order. The BIA believed it was properly interpreting its authority under the Stipulated Judgment until this Court issued its Order on November 13, 2020. Under the interpretation advocated by Buena Vista, essentially whenever a court is asked by the parties to interpret a settlement agreement, the losing party is subject to sanctions for "willful" violations. Such a result is untenable. Moreover, although Buena Vista alleges that the BIA violated "this court's clear order," Mot. for Sanctions at 6, the order was a settlement agreement, written and negotiated by the parties and submitted as a stipulation to the Court. ECF No. 91. While the Court signed the Stipulation, *id.* at 8, it is not a "court order" in the same sense as an order drafted and entered by the court in the course of litigation. And in any event, Buena Vista cannot rely simply on a violation of a court order; it must show bad faith, which it has not done. *See Primus Auto.*, 115 F.3d at 648.

Buena Vista also relies on alleged statements from officials at the Department of the Interior who all indicated that they considered the Buena Vista's request to take the land into trust to be a discretionary decision rather than a mandatory acquisition. These purported statements are consistent with the BIA's interpretation of its authority. Again, Buena Vista fails to show how the BIA's interpretation of its authority could constitute bad faith before this Court ruled on its motion to enforce the 1983 Stipulated Judgment. The statements do not contain any other indicia of bad faith.

In addition, Buena Vista argues that if not for the BIA's determination, it would not have been subject to litigation with the County and associated groups. Mot. for Sanctions at 4. Buena Vista provides no reason to find that third parties' activities can demonstrate bad faith on the part of the BIA. And in any event, Buena Vista's assertion is dubious given that the cases were brought in 2005, before Buena Vista's application to have its land taken into trust, and in 2010, the same year Buena Vista submitted its application. *See Amador Cty., Cal. v. Kempthorne*, 592 F. Supp. 2d 101, 103 (D.D.C. 2009), *rev'd and remanded sub nom. Amador Cty., Cal. v. Salazar*, 640 F.3d 373 (D.C. Cir. 2011); *Friends of Amador Cty. v. Salazar*, No. CIV. 2:10-348 WBS CKD, 2011 WL 4709883, at *1 (E.D. Cal.

Oct. 4, 2011), *aff'd,* 554 F. App'x 562 (9th Cir. 2014).  Further, given that the cases were filed against the Department of the Interior, not Buena Vista, in an attempt to prevent Buena Vista from building and operating a casino, it is likely that litigation would have been instigated regardless of BIA's decision.

Next, Buena Vista argues that BIA's actions were in bad faith because of the federal government's general trust responsibility to federally-recognized tribes.  Mot. for Sanctions at 4–5. Buena Vista does not explain how the fiduciary obligations support a finding of bad faith, particularly given that the Court did not find that the BIA violated its fiduciary responsibility to Buena Vista in its ruling on the Motion to Enforce the Judgment.  In addition, the United States' fiduciary responsibilities to tribes are set out in statutes rather than through common law.  Buena Vista has not identified any specific statutory duty that the BIA violated and thus cannot rely on the general trust responsibility as an indication that the BIA acted in bad faith.

Finally, Buena Vista argues that the BIA took the position beginning in 2010 that the application could proceed as a mandatory application.  *See* Mot. for Sanctions at 5.  According to Buena Vista's own allegations, by early 2012, the Department had again informed Buena Vista that it should proceed under the discretionary provisions of the Part 151 process.  Order at 4–5; Pope Decl. ¶¶ 26–30.  But even if Buena Vista's allegations are true, the Court should not impute bad faith to the agency.  Instead, at most, certain employees at the regional BIA office may have thought the acquisition could proceed as a mandatory acquisition under the Stipulated Judgment, until the Assistant Secretary – Indian Affairs' office reiterated the position that the acquisition would be discretionary.  Pope Decl. ¶ 26.  This is not an indication of bad faith.  The Assistant Secretary is the final decisionmaker in the case; lower level employees cannot bind the government.  *See Spirit Lake Tribe v. North Dakota*, 262 F.3d 732, 741–42 (8th Cir. 2001); *see also Kingman Reef Atoll Investments L.L.C. v. United States*, 541 F.3d 1189, 1198 (9th Cir. 2008).  "[I]n the Ninth Circuit, courts have declined to find bad faith even in situations where the conduct at issue was 'totally frivolous,' 'outrageous,' 'inexcusable,' and 'appalling.'" *Cryotech Int'l, Inc. v. Technifab Prod., Inc.*, No. C08-02921 HRL, 2009 WL 3021185, at *4 (N.D. Cal. Sept. 17, 2009) (citing *Mendez v. County of San Bernadino,* 540 F.3d 1109, 1132 (9th Cir. 2008)).  The Court should not

1   therefore find that, at best, a short-term representation that Buena Vista could proceed under the

2   mandatory acquisition provisions is not an indication of bad faith on the part of the United States.[1]

3           In short, Buena Vista has failed to produce any evidence that the BIA acted in bad faith.  Its

4   conclusory statements that the BIA "willfully violated" a court order or that the BIA acted in bad faith

5   are insufficient to carry its high burden of showing that sanctions are justified.

6   **C.      Buena Vista has not shown that the Court has the inherent power to impose sanctions for actions taken outside the litigation.**

7           Buena Vista asks this Court to use its inherent powers not to sanction conduct that occurred

8   during the litigation, but to punish agency action taken before this Court's Order.  But federal courts'

9   inherent powers to manage their affairs should not extend to conduct that did not affect the litigation or

10  judicial process.

11          "All federal courts are vested with inherent powers enabling them to manage their cases and

12  courtrooms effectively and to ensure obedience to their orders."  *F.J. Hanshaw Enter., Inc. v. Emerald*

13  *River Dev., Inc.*, 244 F.3d 1128, 1136 (9th Cir. 2001).  Federal courts' inherent powers are meant to

14  allow courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of

15  cases."  *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (quoting *Link v. Wabash*

16  *R. Co.,* 370 U.S. 626, 630–631 (1962)).  "That authority includes 'the ability to fashion an appropriate

17  sanction for conduct which abuses the judicial process.'"  *Id.* (citing *Chambers,* 501 U.S. at 44–45); *see*

18  *also Inst. of Cetacean Research*, 774 F.3d at 952.  "In this regard, if a court finds 'that fraud has been

19  practiced upon it, or that the very temple of justice has been defiled,' it may assess attorney's fees

20  against the responsible party, as it may when a party 'shows bad faith by delaying or disrupting the

21

22  _____

23  [1] To the extent that Buena Vista argues that the agency acted in bad faith because the administrative process moved slowly, it is worth noting that Buena Vista had other means to pursue its case.  Buena

24  Vista could have filed a fee-to-trust application under the Part 151 process.  It could have brought a motion to enforce the judgment prior to 2020, as it knew as early as 1996 that BIA did not believe it had

25  authority to take the land into trust under the Stipulated Judgment.  It could also have brought an action "to compel agency action unlawfully withheld or unreasonably delayed" under the Administrative

26  Procedure Act, 5 U.S.C. § 706(1), if it believed that BIA was unduly delaying its decision on Buena Vista's fee-to-trust litigation.

27

28

litigation or by hampering enforcement of a court order.'"  *Chambers*, 501 U.S. at 46 (internal citations and quotation omitted).  "Furthermore, 'an inherent powers sanction is meant to do something very different than provide a substantive remedy to an aggrieved party.  An inherent powers sanction is meant to 'vindicat[e] judicial authority.'"  *Cryotech Int'l*, 2009 WL 3021185, at *4 (quoting *Mark Indus.,* 50 F.3d at 733).

Buena Vista asks this Court for fees that are not necessary to "vindicate judicial authority" or to manage the Court's cases or courtroom.  Buena Vista does not allege, for example, that the BIA deceived the Court, unduly delayed the litigation, or took frivolous positions in the litigation.  Instead, Buena Vista asks for fees related to the BIA's interpretation of the Stipulated Judgment after the case was closed in 1992 but before Buena Vista brought its motion to enforce the judgment.  Mot. for Sanctions at 5.  It argues that the BIA's interpretation of the stipulation, which this Court only just determined was erroneous, was a violation of a court order and entitles it to fees incurred throughout this proceeding and beyond.  But the BIA could not have known before the Court's November 13, 2020, Order that it was violating the Stipulated Judgment.[2]

Courts certainly can impose sanctions based on violations of their orders during the litigation, but Buena Vista shows no authority to sanction conduct taken outside of active litigation.  For example, in *Mark Indus., Ltd. v. Sea Captain's Choice, Inc.*, 50 F.3d 730, 733 (9th Cir. 1995), the district court leveled sanctions against an attorney who filed a stipulated order of dismissal without consulting his client, finding that the attorney acted in bad faith in an attempt to avoid a court order disallowing his motion to withdraw from the case.  Similarly, in *Aloe Vera of Am., Inc. v. United States*, 376 F.3d 960, 966 (9th Cir. 2004), the court imposed sanctions on a party that violated a recently-entered order barring disclosure of documents without a confidentiality agreement.  In *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1035 (9th Cir. 2012), the party failed to conform to a protective order requiring the redacting of confidential information.  In those cases, the parties violated or attempted to avoid court orders for their own advantage.  But Buena Vista cites no authority allowing a court to enter sanctions to

---

[2] The BIA intends to abide by a final unappealable ruling.  The time for appeal has not yet run and the BIA has not yet made a final determination as to whether it will appeal this Court's order.

retroactively cover action that took place before the Court order.  Because Buena Vista seeks sanctions for actions taken well outside the litigation, the Court's inherent powers do not extend so far as to allow sanctions.

**D.      Awarding fees in this instance would be an unwarranted expansion of attorney's fees.**

Buena Vista seeks attorney's fees under the guise of seeking sanctions.  The very action being challenged — the BIA determination that it did not have authority to take the land into trust under the mandatory provisions of the Stipulated Judgment — is the action for which sanctions are being requested.  Such a use of sanctions is unwarranted and would greatly expand the recovery of attorneys' fees by the prevailing party in any number of cases, turning the standard, long-held rule on its head. Allowing fees in this case is not consistent with the general rule requiring parties to bear their own costs, with the Supreme Court's admonitions that sanctions should only be used with restraint and discretion, or with this Court's Local Civil Local Rule 7-8, which "is designed to ensure that counsel exercise caution and restraint in seeking sanctions, and that sanctions requests do not become routine."  *Wahl v. Am. Sec. Ins. Co.*, No. C 08-00555 RS, 2009 WL 3463211, at *1 (N.D. Cal. Oct. 23, 2009).

In addition, it would allow Buena Vista to circumvent the mechanisms Congress established for recovering fees against the United States.  Congress has provided means for litigants to recover their attorney's fees as against the government through various statutes.  In particular, the Equal Access to Justice Act, 28 U.S.C. § 2412, provides a means for prevailing parties in civil actions against the United States to be awarded their fees and costs under certain conditions.  If Buena Vista can show that it meets those conditions, including having a net worth of less than $7,000,000 at the time of filing, it may be able to recover its fees and costs under EAJA.  *See* 28 U.S.C. § 2412(d)(2)(B).  But sanctions should not provide a means to circumvent the procedure Congress established, absent a strong showing of bad faith. Buena Vista has not made such a showing and the motion should be denied.

**E.      Buena Vista is not entitled to all the fees it claims.**

In the event that this Court determines sanctions are appropriate, it should not award all the fees Buena Vista requests.  First, given the lack of intent on the BIA's part to violate a court order, Buena Vista's request should be reduced.  In *Mark Industries,* the Ninth Circuit found that imposing all fees and costs was "too severe a sanction" because the district court did not find abusive behavior throughout

the case.  50 F.3d at 733.  The court distinguished sanctions under Rule 11, "which have determined that the appropriate sanction is the actual cost of the opposing party's response to a frivolous or vexatious motion."  *Id.*  "The proper use of sanctions that are within the court's inherent power is to protect the court so it may adequately dispense justice."  *Id.* (citing *Chambers,* 501 U.S. at 43).  Here, there was no wrong done to the Court and fees therefore should not be imposed, or should be minimal.

In addition, the Court should disallow certain fees.  For example, fees incurred well before their motion to enforce judgment was filed with this Court should not be allowed.  Buena Vista also requests fees associated with its work responding to filings by the County.  These fees are not directly related to the BIA's actions and should not be recovered from the BIA.  Buena Vista also requests fees incurred for its Motion to Stay Agency Action, through which it sought "[t]o prevent BIA from circumventing this Court's jurisdiction" by filing "a motion to prevent the agency from issuing a final decision on the Tribe's mandatory trust election as well as a reply in support of this motion."  McCoy Decl. at 3.  Buena Vista lost this motion and no fees should be recoverable for it from the BIA.

Further, to the extent that Buena Vista requests fees outside its attorneys' fees, that request should be denied.  *See* Mot. for Sanctions at 7 (requesting Court award fees "as an amount that this Court determines sufficient to recognize Buena Vista's repeated attempts to persuade BIA to comply with the Judgment").  Not only does Buena Vista fail to give any indication of how the Court might ascertain an appropriate amount, the inherent powers sanction is not meant "to provide a substantive remedy to an aggrieved party," but to "vinicat[e] judicial authority."  The Court therefore does not have authority to impose sanctions for these undefined and unsupported fees.

## V.    CONCLUSION

Buena Vista disguises its motion for attorney's fees as a motion for sanctions.  Awarding fees in this instance could contravene the general rule that parties carry their fees, the requirement that sanctions under the Court's inherent powers be awarded only in severe cases, and the mechanisms Congress established for fee recovery against the government.  The BIA's action were in good faith and based on its reasonable interpretation of the Stipulated Judgment.  Buena Vista has entirely failed to show bad faith on the part of the BIA, and this Court therefore should deny its motion.

1    For the foregoing reasons, the Tribe's Motion for Sanctions should be denied.

2
3            Respectfully submitted this 11th day of December, 2020.

4                                              PAUL E. SALAMANCA
                                               Assistant Attorney General
5                                              Environment & Natural Resources Division

6                                               _s/ Devon Lehman McCune___
                                               DEVON LEHMAN MCCUNE
7                                              U.S. Department of Justice
                                               Environment & Natural Resources Division
8                                              Natural Resources Section
                                               999 18th Street, South Terrace, Suite 370
9                                              Denver, CO 80202
                                               Telephone: (303) 844-1487
10                                             Fax: (303) 844-1350
                                               devon.mccune@usdoj.gov
11                                             Attorneys for Defendants

12
13   OF COUNSEL:
     Brandon D. Sousa
14   Office of the Solicitor
     United States Department of the Interior
15

16

17

18

19

20

21

22

23

24

25

26

27

28