United States District Court
Northern District of California

1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    TILLIE HARDWICK, et al.,                    Case No. 79-cv-01710-EMC

8              Plaintiffs,

9         v.                                     **ORDER DENYING PLAINTIFF'S
                                                 MOTION FOR SANCTIONS**
10   UNITED STATES OF AMERICA, et al.,            Docket No. 392

11             Defendants.

12

13

14

15         Following this Court's Order granting a motion by the Buena Vista Rancheria of Me-Wuk

16   Indians ("the Tribe") to require the United States to take restored lands into trust pursuant to the

17   1983 Stipulated Judgment (Docket No. 364), the Tribe now moves for sanctions, arguing that the

18   Government's refusal to take the Tribe's land into trust for years, until this Court ordered it, is

19   sanctionable under the Court's inherent powers.  Docket No. 392.  As stated at the hearing, the

20   Court **DENIES** the motion but schedules a status conference to ensure compliance with the

21   Court's order granting the Motion to Enforce.

22                          **I.       BACKGROUND**

23         The Tribe previously attempted to convey the Rancheria to the BIA under the mandatory

24   provision of Paragraph 8 on two separate occasions, in 1996 and 2010.

25         On July 30, 1996, the Tribe's then-principal spokesperson (Ms. Donna Marie Potts)

26   exercised the mandatory trust election provision under paragraph 8 of the 1983 Judgment,

27   executing and recording a grant deed to the United States.  Mot. to Enforce Judgment (Docket No.

28   364) at 16; Pope Decl. (Docket No. 364-1) ¶ 4.  The BIA returned the trust application, citing the

1    need for the Tribe to comply with the BIA's discretionary fee-to-trust procedures described at 25

2    C.F.R. Part 151.  Pope Decl. ¶ 5; Refusal Letter, Docket No. 364-1 Ex. 4.

3            On July 7, 2010, the Tribe met with the BIA Sacramento Regional Office and made an in-

4    person request that BIA restore the Rancheria lands to trust status pursuant to the 1983 Judgment.

5    Pope Decl. ¶ 16.  The Tribe alleges that BIA officials agreed that the conveyance of the Rancheria

6    to the Government was mandatory but expressed reservations about expending political capital.

7    Mot. at 3-4.  In 2018, BIA denied the request.  Pope Decl. ¶ 45.  The Tribe appealed the decision

8    to the Interior Board of Indian Appeals ("IBIA").  Pope Decl. ¶ 46.  On April 18, 2019, the BIA

9    Regional Solicitor remanded the matter back to the BIA.  On October 23, 2020, while the motion

10   before this Court was pending, the BIA reached a final decision, holding that the Tribe's

11   conveyance was governed by paragraph 7 of the 1983 Stipulated Judgment, and that BIA therefore

12   lacked the authority to acquire the Rancheria through the mandatory trust acquisition provision of

13   paragraph 8.  BIA Decision Letter, Docket No. 388-1 at 5-7.

## II.    DISCUSSION

A.    Legal Standard for the Court's Inherent Sanctions Authority

16           "Three primary sources of authority enable courts to sanction parties or their lawyers for

17   improper conduct: (1) Federal Rule of Civil Procedure 11, which applies to signed writings filed

18   with the court, (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and

19   vexatiously multiplies the proceedings, and (3) the court's inherent power."  *Fink v. Gomez*, 239

20   F.3d 989, 991 (9th Cir. 2001).  Here, the Tribe bases its motion only on the Court's inherent power

21   to impose sanctions.  *See* Mot. at 2-3.

22           With respect to the Court's inherent sanctions power, "a court may assess attorney's fees

23   as a sanction for the willful disobedience of a court order … [and] when a party has acted in bad

24   faith, vexatiously, wantonly, or for oppressive reasons."  *Chambers v. NASCO, Inc.*, 501 U.S. 32,

25   45-46, 111 S. Ct. 2123, 2133 (1991); *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001).  A party

26   acts in bad faith "by delaying or disrupting the litigation or by hampering enforcement of a court

27   order."  *Chambers*, 501 U.S. at 46.  However, *Chambers* also cautions that "[a] court must …

28   exercise caution in invoking its inherent power, and it must comply with the mandates of due

United States District Court
Northern District of California

2

1    process, both in determining that the requisite bad faith exists and in assessing fees." *Id.* at 50.

2    Bad faith requires willful conduct or conduct tantamount thereto.  The Ninth Circuit has

3    held that:

4    "mere recklessness, without more, does not justify sanctions under a
     court's inherent power. But … sanctions are available if the court

5    specifically finds bad faith or conduct tantamount to bad faith.
     Sanctions are available for a variety of types of willful actions,

6    including recklessness when combined with an additional factor
     such as frivolousness, harassment, or an improper purpose.

7    Therefore, we hold that an attorney's reckless misstatements of law
     and fact, when coupled with an improper purpose, such as an

8    attempt to influence or manipulate proceedings in one case in order
     to gain tactical advantage in another case, are sanctionable under a

9    court's inherent power."

10   *Fink*, 239 F.3d at 993-94.  *Cf. B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1108 (9th Cir. 2002)

11   (attorney's knowing and reckless introduction of inadmissible evidence was "tantamount to bad

12   faith and therefore sanctionable under the court's inherent power").

13   B.      The Government's Conduct Under the *Fink* Standard

14   Applying *Fink*, the Court finds that the Government's conduct is not sanctionable under its

15   inherent power.  At the motion hearing, the Tribe stated that the Government acted in bad faith by

16   consistently delaying its response to the Tribe's request to convey the Buena Vista Rancheria into

17   trust as a mandatory acquisition.  This argument is based on the ten-year delay between the Tribe's

18   attempted conveyance in 2010 and the decision letter which the Tribe received in 2020, which

19   denied the Tribe's request to take the Buena Vista Rancheria into trust as a mandatory acquisition

20   and instructed the Tribe to proceed through the discretionary process.  Docket No. 388.

21   However, the Government's official position (that it had no mandatory duty to take the

22   Rancheria into trust) has been consistent.  The Tribe has to show that the Government has made

23   "reckless misstatements of law and fact" in so interpreting the 1983 Stipulated Judgment.  *Fink*,

24   239 F.3d at 993-94.  While the Court disagreed with the Government's interpretation of the 1983

25   Judgment, it cannot say that its position was without legal basis or frivolous.  As the Government

26   noted in its Opposition to the Tribe's Motion for Sanctions, its interpretation of the 1983 Judgment

27   was grounded in the IBIA's holding in *Santana* that "[i]f community-owned lands could be

28   transferred into individual ownership at any time, with BIA being required to treat those lands as

United States District Court
Northern District of California

3

1    then falling under paragraph 8 of the stipulated judgment, paragraph 7 would be rendered a

2    nullity." *Santana v. Sacramento Area Director*, 33 IBIA 135, 1999 I.D. LEXIS 10, *19. While the

3    Court found the Government's reasoning unpersuasive, it cannot say that this argument was

4    entirely without reason.

5          In its ruling, this Court had to interpret the 1983 Judgment to determine that the Tribe was

6    a "successor in interest" as defined in Paragraph 2 and a "class member" under Paragraph 8.  The

7    Court cannot say that the Government's argument to the contrary was a reckless misstatement of

8    facts or the law.  The Government's interpretation was not only on *Santana*, but also in part on a

9    2004 Order by Judge Fogel and1987 Stipulated Judgments approved by Judge Williams (who also

10   approved the 1983 Judgment).  *See* Order by Judge Jeremy D. Fogel Denying Motion for

11   Reconsideration, Docket No. 296 at 3 (interpreting the 1987 Stipulated Judgments to find that the

12   Picayune Rancheria could not be considered a "successor-in-interest" because the "original

13   distributees [who received the land pursuant to the California Rancheria Act of 1958] sold the six

14   parcels in question to non-Indians, and the Tribe was able to purchase those parcels back between

15   1995 and 2002").  Because the Government has had a consistent, non-frivolous interpretation of

16   the 1983 Judgment, which was based on IBIA precedent and prior orders from this Court

17   concerning the term "successor in interest" in paragraph 2, the Court does not find that the

18   Government's conduct is sanctionable under *Fink*.

### III.      CONCLUSION

20         The Court therefore **DENIES** the Tribe's Motion for Sanctions.  However, the Court

21   schedules a status conference for February 18, 2021 in order to receive an update on the

22   Government's compliance with the Court's order granting the Tribe's motion to enforce the 1983

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

4

United States District Court
Northern District of California

1    Stipulated Judgment.  The Government is directed to provide a timeline by February 11, 2021,

2    providing an exact date for when it expects to take the Buena Vista Rancheria into trust as a

3    mandatory acquisition.

4         This order disposes of Docket No. 392.

5

6         **IT IS SO ORDERED**.

7

8    Dated: January 25, 2021

9

10   _____

11        EDWARD M. CHEN
          United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California