UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TILLIE HARDWICK, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>USA, et al.,<br><br>　　　　　Defendants. | Case No. 79-cv-01710-EMC<br><br>**ORDER DENYING MOVANTS' MOTION**<br><br>Docket No. 420 |

## I.　　INTRODUCTION

Before this Court is a Motion to Enforce Judgment, brought by a group of Chukchansi Indians. The Federal Government Defendants as well as the Picayune Rancheria tribe (a party to the original action) each filed a brief in opposition to the Movants' motion.

Movants are former members of the Picayune Rancheria, of the Chukchansi Indians, a Tribe that was recognized by the BIA following the 1983 Stipulation in this Court.  The procedural posture of this Motion is unique—Movants are bringing a Motion for Enforcement of Judgment. However, Movants are not parties to the 1983 Stipulation they are now seeking to "enforce."  Movants are recent (2024) disenrolled members of the Picayune Rancheria Tribe and are claiming that the Government incorrectly recognized the Picayune Rancheria Tribe in 1989, while not recognizing another group of Chukchansi Indians of which these disenrolled members are direct descendants.  Movants argue "Defendants' failure to implement the Stipulated Judgment injured the Movants in 2024, when mass disenrollment proceedings culminating in the removal of at least 124 individuals from the Picayune Tribe's rolls, [thus] demonstrat[ing] to the Movants that the Picayune Tribe would never accept them as equal members and that their status as members of

an Indian tribe, if not already lost, would always be in jeopardy." Reply at 23.

The relief Movants request is that the Court "order the Defendants to recognize the Chukchansi Tribe as an Indian entity with the same status as it possessed prior to distribution of the assets of the Picayune Reservation under the California Rancheria Act, include the Chukchansi Tribe on the BIA's list of recognized tribal entities, and assist with the organization of the Chukchansi Tribe as necessary to ensure it is returned to its pre-distribution status." Reply at 24.

Movant's request boils down to an attempt to get this Court and the Federal Government to get into internal tribal affairs, which are beyond the jurisdiction of Federal Courts. Moreover, Movants' request is untimely—the harm asserted by Movants occurred shortly after the 1983 Stipulation when the BIA ratified the Constitution of the Picayune Rancheria in 1989; it was at that point that Movant's group of Chukchansi Indians was not recognized. There is no reason why the statute of limitations (six-year under 28 U.S.C § 2401(a)) should be extended, let alone extended for 40 years. This Court lacks jurisdiction over this motion, and it is, in any event, untimely. Movants' motion is therefore **DENIED**.

## II.     FACTS AND BACKGROUND

This case was initially brought in 1979 by individuals, known as "distributees," who received the assets of thirty-six rancherias after the rancherias were terminated pursuant to the California Rancheria Act (CRA). *See* Compl. for Decl. & Inj. Relief, and Damages ¶¶ 12, 17, ECF No. 1 ("Compl."). The CRA was a 1958 federal law that terminated California Indian rancherias. It distributed communal lands and assets of these rancherias to individual tribe members, effectively ending their status as federally recognized tribes and the associated services. This led to a lawsuit brought by some of the individual distributees, seeking restoration of their tribal lands, tribal status, and the ability to form tribal governments. In 1983, this Court entered a Stipulated Judgment in the action that certified a class of "all those persons who received any of the assets of" seventeen specified rancherias, including the Picayune Rancheria. *See* Stip. J. ¶ 2, ECF No. 420-9. The Stipulated Judgment restored the status of the class members as Indians under the laws of the United States and provided that the United States would recognize

1  the seventeen rancherias "as Indian entities with the same status as they possessed prior to
2  distribution of the assets of these Rancherias under the California Rancheria Act" and include
3  them on the list of recognized tribes. *Id.* ¶¶ 3, 4.
4       In accordance with the Stipulated Judgment, the Bureau of Indian Affairs ("BIA") within
5  the Department of the Interior published a Federal Register notice restoring the Rancherias to the
6  federal status they possessed before the California Rancheria Act. 49 Fed. Reg. 24,084 (June 11,
7  1984). This notice also restored the class members' status as Indians entitled to the benefits or
8  services provided by the United States "for Indians because of the[ir] status as Indians." *Id.* The
9  Stipulated Judgment did not create *new* obligations for the BIA beyond undoing the effects of the
10 CRA with respect to the distributee class members. BIA included the Picayune Rancheria of
11 Chukchansi Indians of California on its list of federally recognized tribes. 50 Fed. Reg. 6055
12 (Feb. 13, 1985); *see also* 89 Fed. Reg. 944, 946 (Jan. 8, 2024). The distributees of the Picayune
13 Rancheria and their descendants organized the Picayune Rancheria by adopting a constitution in
14 1988. That constitution provides the criteria for membership in the tribe and the tribe has been
15 operating under the constitution since its adoption in 1988. Until recently, Movants were part of
16 the Picayune Rancheria tribe.

## III.    DISCUSSION

The relevant excerpts from the 1983 Stipulated Judgment at Docket No. 99 ("Stip. J.") include:

> 2. The Court shall certify a class consisting of all those persons who received any of the assets of the Rancherias listed and described in paragraph 1 pursuant to the California Rancheria Act and any Indian heirs, legatees or successors in interest of such persons with respect to any real property they received as a result of the implementation of the California Rancheria Act.
>
> 4. The Secretary of the Interior shall recognize the Indian Tribes, Bands, Communities or groups of the seventeen rancheria listed in paragraph 1 as Indian entities with the same status as they possessed prior to distribution of the assets of these Rancherias under the California Rancheria Act, and said Tribes, Bands, Communities and groups shall be included on the Bureau of Indian Affairs' Federal Register list of recognized tribal entities pursuant to 25 CFR, Section 83.6(b). Said Tribes, Bands, Communities or groups of

> Indians shall be relieved from the application of section 11 of the California Rancheria Act and shall be deemed entitled to any of the benefits or services provided or performed by the United States for Indian Tribes, Bands, Communities or groups because of their status as Indian Tribes, Bands, Communities or groups.
>
> 12. For the purpose of resolving any disputes which arise among the parties in the course of implementing the judgment to be entered pursuant to this stipulation, or for extending the time within which any act may or must be performed under this Stipulation, the Court shall retain jurisdiction over this matter for a period of two (2) years from entry of judgment, or for such longer time as may be shown to be necessary on a duly-noticed motion by any party.

A.  1983 Stipulated Judgment

All Parties before the Court agree that Movants are *not* parties to the *Hardwick* litigation. The *Hardwick* class consisted of "all those persons who received any of the assets of the Rancherias," and their heirs, legatees, or successors in interested. Stip. J. ¶ 2. Movants were not distributees of the Picayune Rancheria or descendants of distributees. Movants concede this, as they assert they are "heirs, descendants, and successors of the Chukchansi Indians" that were not distributees. Mot. at 22-23. In their Reply, Movants instead attempt to rely on Paragraph 4 of the 1983 Judgment as a basis for asserting that as non-parties, they are "third-party beneficiaries" with the power to enforce Paragraph 4 of the Stipulated Judgment to their benefit. However, Paragraph 4 does not confer obligations on the BIA beyond the class members detailed in Paragraph 2, and thus there is no basis for Movants to claim third party beneficiary standing. Moreover, given the limited scope of the BIA's obligations under the Stipulated Judgment, there is nothing for Movants to "enforce."

The Government and the Tribe also raise issues with the timeliness of the Motion. This Motion challenges the Federal Government's actions as it pertains to its allegedly erroneous recognition of the "wrong" group of individuals. The harm, if any, thus occurred either in 1983 when the judgment was entered, or at the latest, in 1989 when the BIA recognized the Picayune Rancheria Tribe and ratified their constitution. If Movants were wrongfully excluded from recognition by the BIA, almost 40 years has passed since, well beyond the six-year statute of limitations for challenging federal agency action. *See* 28 U.S.C. § 2401(a); *Sisseton-Wahpeton Sioux Tribe v. United States*, 895 F.2d 588, 592 (9th Cir. 1990) ("Indian Tribes are not exempt

4

1  from statutes of limitations governing actions against the United States.").

2      Movants attempt to argue the Court has the power to and should extend the statute of
3  limitations as "necessary" under Paragraph 12 of the Stipulated Judgment. The Court retained
4  jurisdiction "for a period of two (2) years from entry of judgment, or for such longer time as may
5  be shown to be necessary on a duly-noticed motion by any party" "[f]or the purpose of resolving
6  any disputes which arise *among the parties* in the course of implementing the judgment." Stip. J.
7  ¶ 12 (emphasis added). But this dispute is not arising "among the parties" to the stipulation.
8  Movants were not a party to the Stipulation. Rather, this dispute regards either an intra-tribal
9  dispute, a dispute between a separate group of Chukchansi Indians, or a dispute between Movants
10 with the Federal Government. This Court does not, pursuant to the Stipulated Judgment, have the
11 ability to extend the statute of limitations thereunder.

12     To get around the timeliness issue, Movants attempt to argue their harm occurred more
13 recently. Movants point to their recent harm in 2024 when 100+ tribal members were disenrolled
14 by "rogue" tribal authority, stating it was 2024 when it was made clear to Movants that "the
15 Picayune Tribe would never accept them as equal members, and that their status as members of an
16 Indian tribe, if not already lost, would always be in jeopardy." Reply at 23. They also argue it
17 was not until recently that Movants, former Picayune Tribe Chairwomen Claudia Gonzales and
18 Jennifer Ruiz, voiced concerns to the Secretary of the Interior about the BIA's key role as the
19 "root cause of the paper genocide" faced by the Chukchansi people. Reply at 22, citing Gonzales
20 Decl. ¶ 22. The Movants state they recently attempted to meet with the BIA regarding issues in
21 the 1980s and the BIA did not take a meeting. But these harms do not relate to the 1983
22 Stipulation. To the extent this dispute at its core pertains to an internal tribal dispute over
23 membership, Movants fail to demonstrate this Court has jurisdiction over such matter. *Hammond*
24 *v. Jewell*, 139 F. Supp. 3d 1134, 1137 (E.D. Cal. 2015) ("A district court thus generally lacks
25 jurisdiction to resolve matters of internal tribal governance.")

27 B.    <u>Picayune Rancheria's Objection to Movant's Reply Evidence</u>
28     On April 10, 2025, Party Picayune Rancheria tribe filed an Objection to Reply Evidence,

5

arguing that Movants improperly submitted new argument and 600+ pages of new evidence. Objection, Docket No. 434.  The Court does not rely on this evidence in its ruling herein and thus need not address the objection.

## IV. CONCLUSION

Movants' motion is **DENIED**.

**IT IS SO ORDERED**.

Dated: June 17, 2025

_____
EDWARD M. CHEN
United States District Judge